■ RACHEL GIORDANO, Appellant, v. ST. CLARE'S HOSPITAL, Respondent.— In an action to recover damages for personal injury sustained by the plaintiff as the result of the claimed negligence of the defendant hospital, the plaintiff appeals from the following two orders and judgment of the Supreme Court, Queens County: (1) an order, entered April 30, 1964, which granted defendant's motion to dismiss the complaint for lack of prosecution, without prejudice to an application to vacate the dismissal upon proper papers; (2) an order, entered the same date, which denied plaintiff's motion for "reconsideration;" to vacate such dismissal; and to permit plaintiff's discovery and inspection of the hospital records; and (3) a judgment, entered October 28, 1964 pursuant to said orders, in favor of defendant dismissing the complaint. Appeal from order, entered April 30, 1964, granting defendant's motion to dismiss the complaint, dismissed as academic, without costs. Order, entered April 30, 1964, denying the plaintiff's motion for "reconsideration" and other relief, reversed, with $10 costs and disbursements; plaintiff's motion granted; defendant's motion to dismiss the complaint denied; and judgment vacated, without costs. Defendant is directed to furnish to plaintiff's attorneys a copy of the hospital records relating to the plaintiff or to make such records available to her attorneys for copying within 20 days after entry of the order hereon or at such time as the parties may mutually fix by written stipulation. Although plaintiff's motion was labeled as one for "reconsideration", it was in fact a new motion based upon additional facts and affidavits. Accordingly, the order denying such motion is appealable; such order supersedes the original order granting defendant's motion, and renders the original order academic. In our opinion, although the plaintiff failed to establish a reasonable excuse for the delay in prosecuting this action, she did show merit. Accordingly, recognition should be given to the intent of the Legislature in amending the statute (CPLR 3216), and the plaintiff should be afforded an opportunity to place the action on the calendar (*Dooley* v. *Gray,* 22 A D 2d 791). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.