Memorandum. The order of the Appellate Division should be affirmed.
 

 By this proceeding brought pursuant to the provisions of section 7-107 of the General Obligations Law (see L 1973, ch 341), the Attorney-General seeks to compel appellant landlords to pay interest on all tenant rent-security funds received prior to September 1, 1970 and maintained without interest for any period after that date. Respondents resist claiming that (1) the Attorney-General lacks standing to recover past interest for tenants and (2) the 1970 amendment to section 7-103 (L 1970, ch 1009) was intended to apply only to new tenancies created after the effective date of the amendment. We find no merit in either contention.
 

 At the threshold we are again met with the claim that the Attorney-General lacks standing to maintain a proceeding to recover rent-security deposit interest for tenants (see
 
 Matter of State of New York v Parker,
 
 30 NY2d 964). However, following our determination in that case, the Legislature enacted section 7-107 of the General Obligations Law which provides that the Attorney-General may institute an action or proceeding to compel compliance with the rent-security deposit interest laws where "any person, association, or corporation has violated or is violating any of the provisions” of such laws. Thus, section 7-107 accords the Attorney-General standing to maintain this proceeding regardless of who will benefit thereby and irrespective of when the violation occurs or has occurred.
 

 
 *745
 
 It is manifest that the aim of the 1970 amendment to section 7-103 was to require that all rent-security deposits be placed in interest-bearing accounts as of its effective date. Undoubtedly, the amendment was intended to change the rule of
 
 Matter of State of New York v Parkchester Apts. Co.
 
 (61 Misc 2d 1020, affd 34 AD2d 1106, affd 28 NY2d 842) where it was held that a landlord had no duty to maintain security deposits of tenants in interest-bearing accounts.
 

 We interpret this amendment as being applicable to tenancies and renewals which commenced prior to its effective date and existing on September 1, 1970, as well as to tenancies created thereafter. To place a different construction on this statute would obviously defeat the remedial purposes intended by the Legislature. Furthermore, in an unmistakably clear statement as to its intended effect, then Governor Rockefeller stated in his message of approval that "[t]he bill, effective September 1, 1970, will require the landlord of every apartment house with six or more apartments to place
 
 any
 
 security deposits made by his tenants in an interest-bearing account” (Governor’s Memoranda, McKinney’s 1970 Session Laws, p 3145 [emphasis added]; see, also, NY Legis Annual, 1970, p 301).
 

 We thus hold that section 7-103 applies not only to rent-security deposits made under tenancies created after September 1, 1970 but also to those in being as of that date.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur; Judge Wachtler taking no part.
 

 Order affirmed, with costs, in a memorandum.