(June 15, 1978)

■ In the Matter of the STATE OF NEW YORK by LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent, v SOUTH HAVEN HOUSES HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Respondents, and NATIONAL BANK OF NORTH AMERICA, Appellant.—Order and judgment (one paper) Supreme Court, New York County, entered July 13, 1977, insofar as it (1) granted petitioner summary judgment as against the National Bank of North America; (2) directed the bank to make restitution in the sum of $10,950; (3) directed that any balance be turned over to the Attorney-General under the Abandoned Property Law; (4) credited certain other respondents with the amount paid by the bank; and (5) dismissed the bank's cross claim for indemnification, unanimously modified, on the law, by vacating (1) through (4) of the aforesaid provisions, by dismissing the

petition as against the bank, and, as modified, otherwise affirmed, without costs and without disbursements. Appeal from the order, Supreme Court, New York County, entered September 23, 1977, denying reargument, unanimously dismissed as taken from a nonappealable order, without costs and without disbursements. For purposes of this appeal, the evidence will be viewed most favorably to the petitioner, the Attorney-General. Respondent South Haven Houses Housing Development Fund Company, Inc. (South Haven), was organized for the purpose of sponsoring and developing a low income housing project in The Bronx. South Haven retained respondents Pagnoni and Hany Management Corporation (Hany) as its agents to rent apartments in the development. The agents collected deposits of $100 from each prospective tenant to be applied toward the payment of the first month's rent. Respondent Pagnoni opened an account in the name of South Haven with a branch of the appellant, National Bank of North America (bank), and deposited the funds in that account. Subsequently, Pagnoni converted $10,950 of those deposits. He did not have corporate authorization from South Haven either to open the account or to withdraw the funds. The petitioner brought this proceeding on behalf of the defrauded tenants under subdivision 12 of section 63 of the Executive Law and section 7-107 of the General Obligations Law. The court at Special Term granted injunctive relief against South Haven and its principals; it also directed the bank to make restitution of the full amount converted by the agents. The overriding question presented upon review is whether the petitioner had legal standing to maintain this proceeding against the appellant bank. The courts have repeatedly held that subdivision 12 of section 63 of the Executive Law may not properly be used by the petitioner to enforce the provisions of article 7 of the General Obligations Law (*Matter of State of New York v Parkchester Apts. Co.,* 61 Misc 2d 1020, affd 34 AD2d 1106, affd 28 NY2d 842; *Matter of State of New York v Parker,* 30 NY2d 964; *Matter of People v Parker,* 47 AD2d 611, affd 38 NY2d 743; *Matter of People v Booke,* 58 AD2d 142). A fortiori, it follows that the petitioner may not use that subsection as a device to recover the advanced rent converted by the landlord's agents. Likewise, there is no merit to petitioner's alternative argument for proceeding under subdivision 12 of section 63 of the Executive Law. A bank, in possession of a corporate authorization, is afforded certain protections against defenses or claims to a particular check (Banking Law, § 9). Nonetheless, it should be emphasized that the bank's failure to obtain a corporate authorization does not constitute a "fraudulent" or "illegal" act under subdivision 12 of section 63 of the Executive Law. The petitioner also seeks standing to act under section 7-107 of the General Obligations Law. He maintains that the bank breached its trustee's position by permitting the unlawful withdrawal of the rent deposits. Section 7-103, in essence, provides directives for landlords holding security deposits or other tenant advances. That section was not passed with the intention of providing guidelines to banks holding rent security deposits nor does it provide such guidelines. Since the petitioner does not indicate that the bank has violated any specific section of article 7, he does not have standing to proceed thereunder. In dismissing the petition against the bank, we do not reach the merits of any claim that might be asserted by or between the defrauded tenants, South Haven, the bank, Pagnoni, Hany or any of the other named respondents. If so advised, the defrauded tenants may, in their right, seek appropriate relief in the courts against the named respondents or others deemed liable. Had we not dismissed this petition, we would have denied summary relief because of the many factual questions presented in this proceeding. In

particular, a critical question was presented as to whether the bank ever received an authorized resolution from South Haven. In view of the fact that the petition against the bank is hereby dismissed, its cross claim for indemnification remains properly dismissed as academic. The bank's motion, returnable August 8, 1977, presented no additional facts and will be treated as one for reargument. The appeal from the order denying that motion is dismissed *(Dayon v Chemical Bank,* 45 AD2d 827). Concur—Murphy, P. J., Birns, Fein, Markewich and Yesawich, JJ.