■ Carol J. Stiliho et al., Appellants, v Robert Fine et al., Respondents. — Order, Supreme Court, Bronx County, entered October 16, 1979, denying plaintiffs' motion to restore this action to the Trial Calendar, unanimously reversed, on the law and in the exercise of discretion, with costs and disbursements of this appeal to defendants, and the motion is granted and the action is restored to the Trial Calendar, all on condition that plaintiffs' attorney pays to defendants $350 costs within 20 days after service of a copy of the order determining this appeal; and in the event that such condition is not complied within such 20 days, then the order is affirmed, with costs and disbursements of this appeal to defendants. Appeal from the order of said court, entered March 11, 1980, denying plaintiffs' motion for reargument, dismissed as nonappealable, without costs and without disbursements. Special Term denied the plaintiffs' motion to restore this action to the Trial Calendar, which motion was made some two years after the action was originally marked off the calendar and more than one year after it was automatically dismissed pursuant to CPLR 3404. While recognizing that the action was initially marked off due to plaintiff Helen Stiliho's illness, Special Term noted that the explanation for the delay in bringing the instant motion was inadequate. In our view, the infliction of the supreme penalty of dismissal was not completely warranted in this case (see Earl v Lawrence, 35 AD2d 807). We note that after the case was

marked off the calendar, the plaintiff Helen Stiliho was examined by one of the defendants' doctors, settlement negotiations were ongoing and the defendants agreed to stipulate to restore the action within one year. We do not condone the delay engaged in by plaintiffs' counsel. However, we have heretofore observed that " 'It must be borne in mind *** that dismissal is a harsh penalty imposed on a client for his lawyer's failures; justified annoyance by the court at a lawyer's procrastination should not be vented on the litigant with a meritorious claim by closing the courts to him' *** (4 Weinstein-Korn-Miller, par. 3216:04; see, also, *Hensey Props. v. Lamagna*, 23 AD 2d 742; *Giordano v. St. Clare's Hosp.*, 24 AD 2d 568.)" *(Earl v Lawrence, supra.)* The imposition of heavier costs than are normally imposed on a motion on plaintiffs' counsel rather than complete dismissal is, on this record, more in accord with the dictates of justice. There is no appeal from an order denying reargument (see *Matter of State of New York v South Haven Houses Housing Dev. Fund Co.*, 63 AD2d 904, 905, affd 46 NY2d 899). Concur — Murphy, P.J., Birns, Fein, Lupiano and Silverman, JJ.