■ LONG ISLAND LIGHTING COMPANY, Appellant, v ZODIAC-HEALOX LUSTRAY Co., INC., et al., Respondents. — In a negligence action to recover damages arising from an automobile accident, plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated September 23, 1982, which denied its motion to vacate an arbitration award entered in defendants' favor after plaintiff defaulted in appearing at a hearing. Matter remitted to Special Term to hear and report in accordance herewith, and appeal held in abeyance in the interim. Special Term shall file its report with all convenient speed. According to the affirmation of John W. Sinon, plaintiff's attorney, on July 29, 1982 his office received a "Notice of Arbitration Hearing" in this matter, which designated August 10, 1982, as the date for the arbitration hearing. In a subsequent telephone conversation, Sinon's secretary was allegedly informed by the arbitration chairperson that the hearing had been put over to August 11. The arbitration "Report and Award", dated August 16, 1982, indicates that the hearing was conducted on August 9, 1982, and that the award was in defendants' favor, with plaintiff failing to appear. On this record it cannot be determined if plaintiff's nonappearance was due to law office failure, as found by Special Term, or was the result of the hearing being held a day earlier than specified in the notice or, alternatively, was the result of a justified reliance on an adjournment made by the arbitration chairperson. There is some evidence that the hearing was, in fact, held on August 10, and that no adjournment was made. However, this cannot be determined without a hearing, where testimony should be taken of the involved persons, including Sinon's secretary and the arbitration chairperson. Titone, J. P., Mangano, Thompson and Bracken, JJ., concur.

■ LOUIS A. MARABELLA, Respondent, v TIMOTHY LUNDY et al., Appellants, et al., Defendant. — In an action to foreclose a mechanic's lien on real property, the appeal is from an order of the Supreme Court, Westchester County (Gagliardi, J.), dated November 29, 1982, which denied appellants' motion, *inter alia,* to dismiss the action for want of prosecution and granted plaintiff's cross motion to restore the action to the Trial Calendar. Order reversed, on the law, with $50 costs and disbursements, appellants' motion granted and plaintiff's cross motion denied. In the absence of an acceptable excuse for the failure to respond to the calendar call and an affidavit of merits, it was an abuse of discretion to restore plaintiff's action to the Trial Calendar (see *Rothenberg v Parkway Exterminating Co.,* 90 AD2d 497; 22 NYCRR 675.5 [b]). Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.

■ RUTH MAZIN, Respondent, v DONALD S. MAZIN, Appellant. — In an action in which the plaintiff wife was granted a divorce, the defendant husband appeals from an order of the Supreme Court, Westchester County (Burchell, J.), dated January 29, 1982, which awarded the plaintiff arrears in alimony and child support in the total sum of $6,485, awarded her counsel fees in the amount of $750, and denied defendant's cross motion to, *inter alia,* modify the judgment of divorce. Order modified by deleting all the provisions thereof except the provision denying defendant's cross motion. As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. We affirm Special Term's denial of defendant's cross motion. However, there is a legitimate dispute as to the amount of arrears, and a hearing should have been held to resolve the issues (see *Pecukonis v Pecukonis,* 49 AD2d 985). Special Term also erred in awarding counsel fees to plaintiff when her application was contested and there was no evidence of the parties' financial situation (see *Entwistle v Entwistle,* 92 AD2d 879; *Sadofsky v Sadofsky,* 78 AD2d 520). Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.