■ La Froscia Construction Corp., Appellant, v City of Yonkers et al., Respondents

Restoration of a case to the Trial Calendar subsequent to an automatic dismissal pursuant to CPLR 3404 requires the movant to establish the merit of the action, an excuse for the delay, lack of intention to abandon the action and a lack of prejudice to the nonmoving parties (see, Marco v Sachs, 10 NY2d 542, rearg denied 11 NY2d 766, 798; Hammer v Hochberg, 128 AD2d 834; Ornstein v Kentucky Fried Chicken, 121 AD2d 610).

In the instant case, the plaintiff did not tender any excuse for counsel's failure to appear for trial on the date the action was marked off the Trial Calendar and the proffered excuse for the delay in moving to restore the action was inadequate. Here, the presumption that an action dismissed pursuant to CPLR 3404 has been abandoned was not rebutted by a disputed oral understanding between the parties, pursuant to

which the defendants' attorneys purportedly agreed to execute a stipulation consenting to the restoration of the action to the Trial Calendar or, in the alternative, not to oppose restoration *(see, Bergan v Home for Incurables,* 124 AD2d 517; *cf., Stiliho v Fine,* 79 AD2d 913). Furthermore, the papers submitted by the plaintiff in support of the motion did not satisfactorily demonstrate the merit of the action. Weinstein, J. P., Spatt, Sullivan and Balletta, JJ., concur.