■ STUART KOSLOV et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants, et al., Defendant■

The plaintiff Stuart Koslov, a housing manager with the New York City Housing Authority, contends that he informed the appellant John Simon, general manager of the New York City Housing Authority of threats of physical harm made to him by an employee in his charge whom Mr. Koslov believed was engaged in corrupt practices. Mr. Koslov further contends that the appellant Simon assured him that this information would be passed on to the proper investigative authorities. The appellant Simon denied that he was ever informed of threats to Mr. Koslov's life or that any information Mr. Koslov gave him led to the arrest or indictment of any employee of the New York City Housing Authority. The appellant Simon neither confirms nor denies that Mr. Koslov informed him of corrupt practices engaged in by employees of the New York City Housing Authority.

CPLR 3212 (b) provides that a motion for summary judgment shall be denied if any party shall show facts sufficient to require a trial on any issue of fact except where, as provided by CPLR 3212 (c), the only triable issues of fact relate to the amount or extent of damages or other issues not pertinent here. Because "the public * * * owes a special duty to use

reasonable care for the protection of persons who have collaborated with it in the arrest or prosecution of criminals, once it reasonably appears that they are in danger due to their collaboration" *(Schuster v City of New York,* 5 NY2d 75, 80-81) and because the parties are in disagreement as to whether the above predicate factual situation exists, the appellants' motion for summary judgment was properly denied. In any event, since the facts necessary to oppose the motion for summary judgment lie peculiarly within the knowledge of appellants, the plaintiffs should be allowed to engage in discovery pursuant to CPLR 3212 (f) *(Five Towns Coll. v Citibank,* 108 AD2d 420).* Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.