■ LAURA MANCHENO et al., Respondents, v CITY OF NEW

York, Defendant and Third-Party Plaintiff-Respondent. NEW YORK BOARD OF FIRE UNDERWRITERS, Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the third-party defendant New York Board of Fire Underwriters appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 6, 1988, which granted the plaintiffs' motion to restore their action to the Trial Calendar.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, and the motion is denied.

On March 23, 1987, this case was marked "off" the calendar when the plaintiffs' counsel failed to appear at a conference. By operation of law, the action was automatically dismissed by the clerk one year later in March 1988 (see, CPLR 3404). The plaintiffs' motion to restore—in effect, a motion to vacate the dismissal and restore—was granted by the Supreme Court.

In order to vacate the automatic dismissal of a case pursuant to CPLR 3404, a plaintiff must demonstrate, inter alia, a meritorious cause of action and a reasonable excuse for the delay (see, Marabella v Lundy, 93 AD2d 881, affd 60 NY2d 581; La Froscia Constr. Corp. v City of Yonkers, 140 AD2d 496). A review of the record reveals that the plaintiffs failed to establish either element.

The plaintiffs did not annex an affidavit of merit by the injured plaintiff, and the excerpts of the plaintiff's deposition failed to set forth a meritorious cause of action. In addition, there was no showing of a reasonable excuse with regard to the delay of 17 months between the case being marked off the calendar and the plaintiffs making their motion. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.