■ EUGENE McPHAIL et al., Respondents, v F & B ASSOCIATES, Defendant, and SIMONE REALTY Co., Appellant.—Order of the Supreme Court, Bronx County (Anita Florio, J.), entered on October 5, 1989, which granted plaintiffs' motion to restore this matter to the Trial Calendar, is unanimously reversed on the law to the extent appealed from, and plaintiffs' motion to restore the action against defendant Simone Realty Co. is denied without prejudice to renew upon proper papers, without costs or disbursements.

Defendant Simone Realty Co. appeals from an order of the Supreme Court granting plaintiffs' motion to restore the action to the Trial Calendar. In their complaint, plaintiffs seek damages arising out of personal injuries suffered by plaintiff Eugene McPhail after he allegedly tripped and fell in front of the F & B Supermarket on Bainbridge Avenue in The Bronx. They filed a note of issue on November 6, 1987, notwithstanding the absence of any discovery. The note of issue was subsequently stricken and pretrial disclosure commenced, including the taking of some examinations before trial. On July 7, 1989, more than 1½ years after the date of the order striking the note of issue, plaintiffs moved to restore the case to the Trial Calendar, which application was granted by the Supreme Court. In that regard, while a party which has had its action stricken from the Trial Calendar and not restored for one year must move to vacate the automatic dismissal of the complaint, the court may properly treat a motion to restore the case as one to vacate the dismissal *(Merrill v Robinson,* 99 AD2d 578). Thus, contrary to defendant's contention that plaintiffs' motion was fatally defective because it was not in the appropriate form, the failure to move to vacate the dismissal does not mandate reversal of the Supreme Court's

order. Rather, the real problem with plaintiffs' motion to restore the matter to the Trial Calendar is that to vacate a dismissal pursuant to CPLR 3404, plaintiff was required to demonstrate the reason for the delay and include an affidavit indicating a meritorious cause of action *(3 Park Ave. Co. v New York City Educ. Constr. Fund,* 109 AD2d 656). Although it is clear that plaintiffs have never abandoned the action and continued to engage in discovery after the case was marked off the calendar, some showing of merit was necessary. This is particularly the situation here where the record reveals, at best, a tenuous causal connection between the injuries sustained by plaintiff Eugene McPhail and defendant landlord (as opposed to defendant supermarket). Accordingly, it was error for the Supreme Court to grant plaintiffs' motion in the absence of any affidavit of merit. Plaintiffs, however, may renew their application upon proper papers. Concur—Kupferman, J. P., Milonas, Wallach and Smith, JJ.