■ STUART KOSLOV et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants ap-

peal from an order of the Supreme Court, Kings County (Krausman, J.), dated September 25, 1990, which granted the plaintiffs' motion, *inter alia,* to restore the action to the "pre-note" calendar.

Ordered that the order is affirmed, with one bill of costs.

In December of 1984 the plaintiffs commenced this action alleging, *inter alia,* that the plaintiff Stuart Koslov, an employee of the defendant New York City Housing Authority (hereinafter the Housing Authority), was shot in the leg by an agent of the defendant Daniel Corrente, another employee of the Housing Authority. Koslov claimed that before being shot, he informed the defendant John Simon, the Housing Authority's general manager, of certain corrupt practices taking place at the Housing Authority, and, after doing so, he was threatened with bodily harm by Corrente. The essence of the action was that the Housing Authority and Simon had a duty to protect him from Corrente, and that they failed to do so. The Housing Authority and Simon subsequently moved for summary judgment but the court denied their motion. On May 23, 1988, this Court affirmed the denial *(see, Koslov v New York City Hous. Auth.,* 140 AD2d 586).

Although the New York Law Journal contained notification as to a scheduled conference to be held on June 6, 1988, the plaintiffs failed to appear at the conference and the case was marked off the calendar. There is no indication in the record that the plaintiffs were ever notified, by order or otherwise, of the case having been marked off the calendar, nor is there anything in the record to indicate whether the defendants were at the conference. Thereafter, the plaintiffs' counsel corresponded with the attorneys for the Housing Authority and Simon with respect to conducting discovery. In June 1990 after Koslov's deposition had been taken, and the parties otherwise engaged in discovery matters, the plaintiffs learned that the case had been marked off the calendar in June of 1988. The plaintiffs immediately moved to restore the case to the trial calendar, pointing out that both sides had obviously been proceeding with the action under the belief that it was alive.

The court did not improvidently exercise its discretion in granting the plaintiffs' motion to restore. Although the action was deemed abandoned pursuant to CPLR 3404, the record demonstrates that the plaintiffs' claims may have merit, that they never intended to abandon the action, and that both sides unflaggingly proceeded accordingly *(see, O'Boye v Consolidated Edison,* 168 AD2d 219; *McPhail v F & B Assocs.,* 160

AD2d 398; *Hillegass v Duffy,* 148 AD2d 677). In addition, the plaintiffs moved to restore the case to the calendar immediately upon learning of its dismissal, and nothing in the record indicates that the defendants were prejudiced *(see, Todd Co. v Birnbaum,* 182 AD2d 505; *Hewitt v Booth Mem. Med. Ctr.,* 178 AD2d 401; *Mancheno v City of New York,* 155 AD2d 519; *Malpass v Mavis Tire Supply Corp.,* 143 AD2d 890). Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.