■ BETTY LOBELLO, Appellant, v NEW ROCHELLE HOSPITAL MEDICAL CENTER et al., Respondents. [605 NYS2d 77] —Order, Supreme Court, Bronx County (Hansel L. McGee, J.), entered May 27, 1992, which denied plaintiff's motion to restore this action to the trial calendar, unanimously reversed, on the law and the facts and in the exercise of discretion, the motion is granted, and the case is ordered so restored, without costs. Appeal from an order of the same court and Judge, entered September 25, 1992, denying plaintiff's motion to reargue the previous motion, is dismissed, without costs, such order being non-appealable.

Plaintiff sues for medical malpractice, alleging misdiagnosis of a hip fracture in 1983 by reason of failure to read X-rays properly, resulting in a delay of appropriate treatment and ultimate recovery. In 1990 the case was voluntarily withdrawn from the trial calendar due to the unavailability of plaintiff's expert witness. A year later, plaintiff moved to restore the case to the calendar, supported by the two-page affidavit of a new medical expert who opined that the misreading of plaintiff's X-rays in 1983 constituted negligence which resulted in a delay of treatment and recovery. The motion was opposed by defendant physcian for lack of a showing of proximate cause, and by defendant hospital which cross-moved for dismissal for untimeliness under CPLR 3404 (failure to restore a case to the calendar within one year). The court denied the cross motion, but also denied plaintiff's main motion without prejudice to resubmission within 30 days, on the ground that the medical expert's opinion failed to demonstrate proximate cause. Plaintiff's second motion to restore was supported by a virtually identical affidavit from the medical expert, except for the addition of one sentence concluding that the delay in plaintiff's recovery had been "a direct result of" defendants' malpractice. The motion was noticed one day late. The IAS Court, while again rejecting the hospital's assertion of untimeliness under CPLR 3404, denied

this motion as untimely for failure to meet the 30-day deadline imposed in the prior order.

In reply on the second motion to restore, plaintiff's counsel had sought to meet the untimeliness issue raised in the answering papers by stating that all affidavits had been executed by the 30-day deadline imposed in the earlier order, but that plaintiff's affidavit, sent to counsel by express mail, was not received until the next day, resulting in the one-day delay in noticing the new motion. Counsel's reply affirmation further stated that plaintiff's cause was meritorious, and that defendants were not prejudiced by the one-day delay.

The order denying plaintiff's second motion to restore noted the moving and opposition papers, but failed to note the submission of any reply papers (in which plaintiff had treated the untimeliness issue). This failure prompted plaintiff to move for reargument of the second restoration motion.

Denial of the reargument motion is, of course, not appealable (*Stiliho v Fine,* 79 AD2d 913, 914). But the prior restoration motion was addressed to the discretion of the court. Among the factors the court should consider on such a motion are a showing of the movant's lack of intent to abandon the action, a meritorious cause of action, a reasonable excuse for the delay, and lack of prejudice to the opposing party (*Rosado v New York City Hous. Auth.,* 183 AD2d 640, 642). Plaintiff satisfied each of these factors. The IAS Court's apparent failure to consider plaintiff's explanation for the delay was error. The one-day delay should have been excused, in the exercise of discretion (*Rutger Fabrics Corp. v United States Laminating Corp.,* 111 AD2d 40).

Normally, restoration after a lengthy delay, especially where the one-year period under CPLR 3404 has elapsed, might warrant some monetary sanction against the movant's attorney. Here, although counsel must accept criticism for the delay, there is no showing that his tardiness was anything beyond de minimis. It should certainly not have resulted in the extinction of plaintiff's action. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Kassal, JJ.