■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v SANFORD HAYES, Appellant, and AUTOMOBILE INSURANCE COMPANY OF HARTFORD et al., Respondents. [794 NYS2d 85]—

In a proceeding pursuant to CPLR article 75 to stay an uninsured motorist arbitration, the appeal is from an order of the Supreme Court, Queens County (Rios, J.), dated June 10, 2004, which denied the motion of Sanford Hayes to (a) vacate an order of the same court (Schmidt, J.) dated June 9, 2003, which, upon his failure to appear for a hearing, granted the petition and permanently stayed the arbitration, (b) restore the matter to the calendar, and (c) modify an order of the same court (Thomas, J.), dated January 15, 2002, directing a hearing on the issue of whether coverage for the subject accident is available through Automobile Insurance Company of Hartford to instead direct a hearing on the issue of whether or not there was physical contact between his motorcycle and a hit-and-run vehicle.

Ordered that the order dated June 10, 2004, is reversed, on the law, with costs, the motion is granted, the order dated June 9, 2003, is vacated, the order dated January 15, 2002, is modified to provide for a hearing on the issue of whether or not there was any physical contact between the motorcycle owned by the appellant's girlfriend and ridden by the appellant and an alleged hit-and-run vehicle, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether or not there was physical contact between the motorcycle and an alleged hit-and-run vehicle.

In the evening of July 7, 1999, the appellant was riding his girlfriend's motorcycle on the Grand Central Parkway in Queens when the motorcycle allegedly was hit by a yellow cab. The yellow cab left the accident scene without stopping. The impact allegedly pushed the motorcycle into a stalled car directly ahead. That car, owned by Eugenia Evans, was insured at the time by Automobile Insurance Company of Hartford (hereinafter Hartford).

By letter dated October 7, 1999, the appellant made a claim to the petitioner, Allstate Insurance Company (hereinafter Allstate), which insured the motorcycle, for uninsured motorist coverage for his injuries, based on the alleged hit-and-run accident. He served Allstate with a demand for arbitration dated August 29, 2001. In response, Allstate petitioned to permanently stay the arbitration or for a stay pending a judicial determination that this was a valid uninsured motorist situation.

By order dated January 15, 2002, the Supreme Court granted the petition to the extent of directing a hearing on whether coverage for the subject accident was available through Hartford. By letter dated March 6, 2002, Hartford admitted coverage but denied liability. Thereafter, the matter appeared on the Supreme Court calendar for the hearing on April 24, 2002, May 29, 2002, October 23, 2002, and February 6, 2003. On February 6, 2003, the matter was adjourned to June 9, 2003. It is undisputed that on each of those four dates, the appellant appeared by a per diem attorney, Laurence L. Love. As part of his duties, Love allegedly was under instruction to seek a change in the framed-issue hearing so that it would address the issue of the validity of the appellant's hit-and-run claim.

After the February 6, 2003, appearance, Love failed to diary the adjourned date and did not appear on June 9, 2003, the next adjourned date. On that date, Justice Schmidt entered an order granting the petition on default and permanently staying the arbitration. The subsequent motion, inter alia, to vacate that default was denied by Justice Rios, who determined that the appellant failed to show a reasonable excuse for the default and the existence of a meritorious claim. We reverse.

Contrary to the determination of the Supreme Court, the affirmations of the appellant's counsel were sufficient to show a reasonable excuse for the appellant's failure to appear on the fifth adjourned date for the hearing (*see Liotti v Peace*, 15 AD3d 452 [2005]). Furthermore, the transcript of the appellant's deposition, taken by counsel for Allstate, together with his previously sworn-to notice of claim, sufficiently showed the existence of a meritorious claim. The appellant made out a prima facie case, by way of his notice of claim and deposition testimony, to support his claim for uninsured motorist benefits for injuries caused by a hit-and-run vehicle (*see* CPLR 3116; *Ramputi v Timko Contr. Corp.*, 262 AD2d 26 [1999]; *Zabari v City of New York*, 242 AD2d 15 [1998]; *cf. Mancheno v City of New York*, 155 AD2d 519 [1989]).

Moreover, it is clear from the appellant's notice of claim that this is a claim under the uninsured motorist provision of an automobile insurance policy issued by Allstate, for damages resulting from the alleged physical contact between the appellant's vehicle, a motorcycle, and an alleged hit-and-run vehicle. The disparity between the appellant's deposition testimony, in which he testified to being struck by a yellow cab which left the accident scene without stopping and the police report of the accident, which does not mention any yellow cab, raises a factual question as to whether or not there was physical contact with a

hit-and-run vehicle. This requires a hearing on the issue of physical contact (*see Matter of Eveready Ins. Co. v Scott*, 1 AD3d 436 [2003]; *Matter of Great N. Ins. Co. v Ballinger*, 303 AD2d 503 [2003]). Thus, the branch of the appellant's motion seeking to modify the order dated January 15, 2002, to direct a hearing on this issue to reflect this should also have been granted.

The parties' remaining contentions either are without merit or need not be reached in light of this determination. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.