Matter of Brookelyn M. v Christopher M. (2018 NY Slip Op 03801)





Matter of Brookelyn M. v Christopher M.


2018 NY Slip Op 03801


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6438

[*1]In re Brookelyn M., Petitioner-Appellant,
v
Christopher M., Respondent-Respondent.
Christopher M., Petitioner-Respondent,
v
Brookelyn M., Respondent-Appellant.


Schoeman Updike Kaufman & Gerber LLP, New York (Beth L. Kaufman of counsel), for appellant.
Law Office of Michelle F.P. Roberts, New York (Michelle F.P. Roberts of counsel), for respondent.



Order, Family Court, New York County (J. Machelle Sweeting,
J.), entered on or about February 9, 2017, which, to the extent
appealed from as limited by the briefs, dismissed appellant
mother's motion for fees in the amount of $174,000, unanimously
reversed, on the law and the facts, without costs, the motion
granted to the extent of remanding the matter for a hearing to
determine the amount of counsel fees to be
awarded.
Appellant mother and respondent father have a child
together, and in 2014, the father filed a custody petition. The
mother cross-moved for custody and sought interim counsel fees.
The father cross-moved for counsel fees and filed an affirmation
in opposition to the mother's application for interim counsel
fees. The parties arrived at a settlement that resolved the
issues in the custody matter, but left counsel fees to the
court's determination. The mother sought counsel fees of
$174,000, which the mother claims are attributable to the custody
matter.[FN1]
The court denied the mother's request for counsel fees
because, among other reasons, she retained private counsel
although she was unemployed at the onset of the litigation.
Further, at the time the decision was rendered, she earned an
annual gross income of $44,000, and the father was unemployed.
The court also held that the conduct of the parties throughout
the custody matter did not support an award of counsel fees
because it found no evidence that the father unnecessarily
prolonged the litigation or that he caused undue fees to accrue
in the litigation.
On appeal, the father contends that the court's ruling is
correct because he did not unduly prolong the litigation or
unnecessarily cause legal fees to accrue, and the employment
statuses of the parties did not make the mother the less monied
spouse. Further, the father contends he should not be obligated
to pay rates of private counsel when the mother did not attempt
to mitigate her legal expenses by retaining more affordable counsel based on her financial circumstances. However, if this court finds that the mother is entitled to an amount of counsel fees, he contends he is entitled to a hearing to determine the amount.
The purpose of awarding counsel fees is to further the
objectives of "litigational parity" and prevent a more affluent
spouse from considerably wearing down the opposition (O'Shea v
O'Shea, 93 NY2d 187, 193 [1999]); see Gottlieb v Gottlieb, 138
AD3d 30 [1st Dept 2016], lv dismissed 27 NY3d 1125 [2016]). In
its dismissal of the mother's motion for counsel fees, the court
unduly relied upon the financial circumstances of the parties at
the time it rendered its decision rather than weighing the
historical and future earning capacities of both parties (see
Saunders v Guberman, 130 AD3d 510, 511 [1st Dept 2015]). Here,
although the father was unemployed at the time the court's
decision was rendered, and the mother had secured employment, the
father earned considerably more than the mother during the course
of their relationship and has significantly more expected
earning capacity than the mother. Indeed, the financial and tax
documents in the record support such a conclusion.
The father, however, is entitled to a hearing so that the
relative financial positions of the parties and the value and
extent of the counsel fees requested can be examined (see Olsan v
Olsan, 100 AD2d 776 [1st Dept 1984], appeal dismissed 63 NY2d 649
[1984]; see also Charpie v Charpie, 271 AD2d 169 [1st Dept
2000]). While an evidentiary hearing is not required prior to
making an interim award, it is required here since the mother is
seeking fees following the final resolution of the case (see
Meyer v Meyer, 229 AD2d 354 [1st Dept 1996]). Though the father
did not formally request, by motion, a hearing on counsel fees,
he did contest the mother's application for counsel fees in an
affirmation in opposition to her application, and thus did not
waive his right to a hearing (see Mazin v Mazin, 93 AD2d 881 [2d
Dept 1983]). The fees here are significant and the father has
raised questions about the bills. Moreover, in assessing the
father's contentions that the mother overlitigated this matter,
we would need to consider what the father spent on legal fees.
That information cannot be ascertained on this record.
Accordingly, we remand this proceeding.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK



Footnotes

Footnote 1: The mother made several interim counsel fee applications, but they were not decided while the custody issue was pending.