■ MITCHELL GAFFY et al., Respondents, v BUFFALO GENERAL HOSPITAL et al., Appellants.—Order unanimously affirmed, with costs. Memorandum:

This cause of action arose in 1968 and summonses were served in 1969. Issue was joined in July, 1970 and the plaintiffs filed a note of issue with a statement of readiness. Defendants obtained an order striking the certificate of readiness because necessary pretrial procedures, including their desired physical examination and examination before trial of plaintiff, had not been completed. Significantly, defendants have not yet moved for such discovery. The case went on the general docket on October 13, 1971 and plaintiffs moved to restore the case within one year. Defendant hospital did not oppose the motion to restore and defendant Long consented to restoration and then opposed it by subsequent letter which alleged that plaintiffs' bills of particulars were insufficient. For reasons not apparent in the record, Special Term never ruled on that motion, and the case was thereafter marked abandoned by the clerk pursuant to CPLR 3404 and a certificate of abandonment issued to defendants. Plaintiffs allege that they had no notice of this action and presumed that an order had been entered restoring the case to the calendar. In August, 1974 they moved once again for restoration, and Special Term granted the motion conditioned upon counsel's personal payment of $250 costs to defendants' attorneys. Upon a motion to restore, plaintiffs must demonstrate a meritorious cause of action, an excuse for the dismissal and lack of prejudice to the opposing party *(McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692). Plaintiffs allege that defendant Long negligently lacerated Mrs. Gaffy's bladder during a hysterectomy and that defendants negligently failed to discover and treat the injury. Plaintiffs have submitted a personal affidavit by Mrs. Gaffy and hospital records detailing a serious injury which required prolonged care and treatment with possible permanent consequences to her. Plaintiffs, of course, have the ultimate responsibility to oversee their cases, but the delay causing this dismissal was also occasioned by defendants' desire to pursue further discovery proceedings, and partly by the court's failure to render a decision on the motion to restore and because of the clerk's failure to notify plaintiffs of his action in docketing their case. Under the confusing circumstances presented in this record, plaintiffs' conduct was excusable. Moreover, in view of defendants' delay in answering, their requests for further discovery which resulted in striking the note of issue and their confusing position on the motion to restore, they may not now claim prejudice for delay which they helped cause. (Appeal from order of Erie Supreme Court—restore to calendar.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.