■ Isaac Morhaim, Appellant, v Sara Morhaim, Respondent. — Order, Supreme Court, New York County, entered January 20, 1981, unanimously modified, on the law and in the exercise of discretion, to deny the motion of defendant-respondent to strike plaintiff-appellant's note of issue

and to dismiss plaintiff-appellant's appeal from denial of his cross motion to vacate dismissal of the complaint, without costs. Plaintiff's entire case having been effectually reinstated by restoration of the note of issue, the dismissal of the complaint pursuant to CPLR 3404 has become academic. The history of this case leading to the literal application of the rule by dismissal is unique, pointing up as it does an exception that proves the existence of the rule requiring dismissal of cases actually abandoned. The case was first stricken by reason of failure to file financial affidavits in the face of no apparent necessity, alimony and child support having been removed from court adjudication by Family Court stipulation. They were then filed and plaintiff actively pursued his case by way of discovery, but when he filed a new note of issue a little more than a year thereafter, Special Term granted the motion to strike on a literal reading of the section. The dismissal was improvident on the showing here made. (See *Gaffy v Buffalo Gen. Hosp.*, 55 AD2d 850, 851.) "Despite the seemingly definitive language of this rule, not all cases which are marked off and remain unrestored for a year are automatically dismissed. The Court of Appeals has held that rule 3404 was adopted in order to dispose of cases that are in fact abandoned. Where the parties give evidence of their intention to treat the case as pending during the year, the dismissal is not automatic. The conduct of examinations before trial, discovery and inspection, or other pre-trial practice during the year is evidence that the case is not abandoned, and rule 3404 will not result in an automatic dismissal. *Marco v. Sachs*, 1962, 10 N.Y.2d 542 ***. See, also, *Wheelock v. Wheelock*, 1958, 4 N.Y.2d 706 ***. It should also be observed that even though the dismissal after one year is 'automatic' the court retains discretion to grant a motion to restore the case to the calendar after the year has expired. *Boyle v Krebs & Schulz Motors, Inc.*, 1963, 18 A.D.2d 1010 ***." (McLaughlin, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 3404, Supplementary Pamphlet 1964 to 1980, p 36.) This case was never in fact abandoned and should not have been dismissed. Concur — Kupferman, J. P., Sullivan, Ross, Carro and Markewich, JJ.