■ Aglaea Stavrou et al., Appellants, v Abravos-Vernadakis, P.C., Respondent. — Order of the Supreme Court, New York County (Gammerman, J.), entered June 7, 1984, granting defendant's motion to dismiss the action pursuant to CPLR 3404 and 22 NYCRR 660.5 (d) (2), and denying, as moot, plaintiffs' cross motion to strike the defendant's affirmative defense of lack of personal jurisdiction, reversed, on the law, the facts and in the exercise of discretion, to the extent of denying the defendant's motion to dismiss and directing plaintiff Nick Stavrou to appear for examination before trial within 30 days after entry of the order herein, and denying plaintiffs' application to strike defendant's affirmative defense of lack of personal jurisdiction, all without costs.

Plaintiffs commenced this medical malpractice action in August 1977. Defendant failed to appear or answer. On October 15,

1979, a stipulation was entered into granting defendant until October 31, 1979 to answer. Defendant interposed his answer. Included was an affirmative defense that personal jurisdiction over him had never been obtained. Thereafter, the matter proceeded, with no undue haste on either side. Twice, once in 1980 and again in 1981, the case was placed on the Trial Calendar. On both occasions, it was stricken upon motion of defendant on the ground that discovery had not yet been completed. Plaintiff Aglaea Stavrou was thereafter deposed. Plaintiff Nick Stavrou is still to be examined before trial.

A conference was had on January 27, 1982 between counsel and the court preparatory to the convocation of a medical malpractice panel. After consultation with the attorneys, the court adjourned the conference until March 1, 1982. For a year the case lay fallow. On March 24, 1983, the court notified counsel of a malpractice panel hearing to be held on April 12, 1983. This was adjourned in order to permit the completion of discovery.

Discovery was never completed. This may have been due to the fact that plaintiffs effected a substitution of counsel which never took hold and the matter was thereafter returned to the original attorneys. Be that as it may, in March 1984, defendant moved to dismiss upon the ground that the case had been marked off calendar and had not been restored within one year thereafter and, therefore, was deemed abandoned. Plaintiffs cross-moved to dismiss the affirmative defense of lack of jurisdiction. Special Term granted defendant's motion. In light of the granting of the motion, it denied plaintiffs' cross motion as moot.

CPLR 3404 merely creates a presumption that an action marked off calendar and not restored for a period of one year has been abandoned (*Kelly-Masp Piledriving Corp. v Vita Food Prods.*, 52 AD2d 559). That presumption may be rebutted by affidavit or by facts showing continued pursuit of the litigation. While here neither party has been zealous in pursuing available procedural remedies, the course of the litigation demonstrates that they were still invoking the appropriate procedural remedies long after the case had been stricken from the calendar. In such circumstances, it cannot be said that plaintiffs intended to forfeit their rights. Since plaintiff Nick Stavrou has still not been deposed, we order that his examination before trial commence within 30 days after the entry of the order herein. Although there has been no disposition of plaintiffs' cross motion, we deny it. In light of the stipulation "waiving" the default of the defendant, no real issue is raised thereby. Concur — Sullivan, J. P., Ross, Bloom and Fein, JJ.