■ PAUL RODRIGUEZ et al., Respondents, v MIDDLE ATLANTIC AUTO LEASING, INC., et al., Appellants, et al., Defendants.— Order, Supreme Court, Bronx County (DiFede, J.), entered on or about January 6, 1986, which denied the defendants-appellants' motion to strike the action from the calendar and deem the complaint dismissed pursuant to CPLR 3404 and denied the plaintiffs' cross motion for an order restoring it to the calendar as moot, modified, on the law, the facts and in the exercise of discretion, the motion granted, and, as so modified, otherwise affirmed, without costs.

Plaintiff Paul Rodriguez and his mother Alicia commenced this action in 1977 to recover damages for personal injuries sustained by Paul on the evening of October 18, 1968. Depositions were conducted and the action was certified ready for trial. However, it was marked off the Trial Calendar on May 3, 1984 when plaintiffs' counsel failed to appear for a scheduled pretrial conference. When plaintiffs' counsel made a belated appearance, the court (Mercorella, J.), directed plaintiffs to supply the defendants with the names and addresses of witnesses to be called at trial, and suggested that defendants stipulate to restore the case to the calendar. Defendants refused to do so.

On or about June 4, 1984, plaintiffs served defendants with

the list of witnesses. Three months later, plaintiffs moved to restore the action, and, by order entered on September 17, 1984, Special Term (DiFede, J.), granted the motion on the condition that plaintiffs file a new note of issue and statement of readiness and pay the requisite fees. Plaintiffs did not comply with these conditions until almost one year later, on August 19, 1984. Along with the new note of issue, plaintiffs also served copies of three updated medical reports. Defendants moved to dismiss the action as abandoned pursuant to CPLR 3404. Plaintiffs cross-moved for leave to restore the action to the calendar, nunc pro tunc, and to compel compliance by defendants with the notice of demand to produce served on August 26, 1985. Special Term (DiFede, J.), denied the motion, holding that the case had been restored on August 19, 1984, upon compliance with its prior order. In addition, plaintiffs were deemed to have waived defendants' compliance with their discovery request based upon the filing of the certificate of readiness and the absence of any showing of unusual circumstances. We conclude that Special Term improvidently exercised its discretion in vacating the dismissal, and reverse.

CPLR 3404 provides that "[a] case * * * marked 'off' or struck from the calendar * * * and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order." Although plaintiffs should have first moved to vacate the "automatic" dismissal of their complaint *(3 Park Ave. Co. v New York City Educ. Constr. Fund,* 109 AD2d 656, 657 [1st Dept 1985]), plaintiffs' cross motion to restore may be deemed to comply with the technical requirements in light of the general prayer on the notice of motion for other and further relief *(Wavrovics v City of New York,* 13 AD2d 738 [1st Dept 1961]; *see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.04).

Despite the seemingly definitive language of CPLR 3404, dismissal for failure to restore an action within one year after it has been marked off the calendar is neither automatic nor self-executing. *(Morhaim v Morhaim,* 81 AD2d 790, 791 [1st Dept 1981].)* The statute "was adopted for the purpose of getting rid of cases that are actually dead by striking them from the calendars", and creates only a presumption of abandonment which is negated by proof of litigation actually in progress. *(Marco v Sachs,* 10 NY2d 542, 550 [1962].)* The court retains discretion to grant a motion to restore the case to the calendar after the year has expired. (McLaughlin, Practice

Commentary, McKinney's Cons Laws of NY, Book 7B, 1968 Supp Pamph, CPLR 3404, p 40.) In our view, neither CPLR 3404 nor our own rules (Bronx & NY County Sup Ct Rules [22 NYCRR] § 660.5 [d] [1], [2]) compels dismissal where, as here, plaintiffs failed to comply with the conditions upon which restoration was granted until more than one year after the case had been marked off calendar, particularly since the motion to restore was made within the one-year period.

The prevailing party on such a motion must meet the criteria normally associated with a motion to open a default, i.e., a meritorious cause of action, a reasonable excuse for the delay, and lack of prejudice to the opposing party. *(Condurso v Thumsuden,* 84 AD2d 802, 803 [2d Dept 1981].) In addition, he must demonstrate a lack of intent to abandon the action. *(See, Marco v Sachs, supra.)* In the present case, the papers in support of the motion are insufficient. First, plaintiffs failed to sustain their burden of submitting an affidavit, containing evidentiary facts, capable of being established at trial, by a person competent to attest to the meritorious nature of the action. The insufficiency of the affidavits submitted by the respective plaintiffs is no oversight. Due to his tender age at the time of the accident, Paul has no recollection thereof. His mother's affidavit states in conclusory language that Paul "was struck by a vehicle owned and operated by the defendant, its agents, servants, employees or party using the vehicle with the consent of the lessor and/or lessee in fact or by operation of law. Said vehicle was being driven negligently down the street where Paul was when it struck Paul and caused extensive injuries". Mrs. Rodriguez admittedly heard but did not witness the accident. Neither her conclusory statements, nor her summary reference, during her deposition, to extensive eyewitness and investigative information related to her, provides any basis for evaluating the negligence attributable to the defendants, how the accident happened *(Henigsberg v Macrose Realty Corp.,* 39 AD2d 677 [1st Dept 1972]), or whether evidence exists to support the allegations of the complaint. *(See, Goldberg v Soifer,* 30 AD2d 533, 534 [2d Dept 1968].) No explanation has been given as to why an affidavit from one of the alleged witnesses to the accident was not included in the cross-moving papers. *(Monacelli v Board of Educ.,* 92 AD2d 930 [2d Dept 1983].) In light of the weak excuse proffered for the delay and the prejudice to the defendants from the delay, as discussed *infra,* the physicians' reports and the verified bill of particulars as to the seriousness of plaintiff's injuries, dealing only with damages, as

opposed to liability, were insufficient to demonstrate any likelihood of establishing a prima facie case and prevailing at trial. *(Merrill v Robinson,* 99 AD2d 578, 579 [3d Dept 1984].)

As an excuse for waiting 11 months to file a new note of issue in compliance with the September 1984 order granting conditional restoration (15 months after the matter had been marked off calendar), plaintiffs' attorney alleges that he had been attempting to obtain updated medical reports from a neurologist, an ear specialist, and an optometrist with a particularly busy practice (all, again, dealing only with damages, rather than liability). In our view, the excuse is inadequate. Plaintiffs, although they moved to Massachusetts after the accident, were not incapacitated from pursuing the cause of action during this period. Further, defendants have clearly been prejudiced by plaintiffs' delay in restoring the case to the Trial Calendar. As of the date plaintiffs filed the new note of issue, it had been 16 years since the accident occurred. Witnesses' memories have dimmed and vital proof may now have disappeared, impeding defendants' ability to defend the case at trial. Finally, the two isolated instances of pretrial discovery relied upon by plaintiffs, which occurred within one month of either the striking of the case from, or its restoration to, the calendar, are insufficient to rebut the presumption of abandonment. Concur—Murphy, P. J., Lynch and Rosenberger, JJ.

Carro and Wallach, JJ., dissent in a memorandum by Wallach, J., as follows: Preliminarily, it should be noted that neither the date of the accident nor the date on which the action was commenced (the action was commenced in 1977 for personal injuries sustained by the infant plaintiff in 1968) is of any significance in deciding whether the action should be deemed abandoned and dismissed pursuant to CPLR 3404 *(General Staple Co. v Amtronics, Inc.,* 81 AD2d 877). The only pertinent dates herein are: May 3, 1984, when the action was marked off the Trial Calendar for nonreadiness on plaintiffs' part; August 1984, in or about which plaintiffs moved to have the action restored to the Trial Calendar; September 17, 1984, when plaintiffs' motion to restore was granted; May 3, 1985, when one year passed from the removal of the action from the calendar; and August 19, 1985, when plaintiffs filed a new note of issue as directed in the order restoring the action to the calendar.

CPLR 3404 does not preclude a motion to restore more than one year after an action is marked off the calendar. It is just that if the motion is made after more than one year, then, in

addition to the usual showing required when a motion to restore is made within a year—a proper and sufficient statement of readiness setting forth the reasons for the acts or omissions that led to the action being marked off and good cause for its restoration, and an affidavit showing that there is merit to the action (see, 22 NYCRR 660.4 [d] [5]; 660.5 [d] [1], eff up to Jan. 6, 1986)—the movant must also overcome a presumption of abandonment (Marco v Sachs, 10 NY2d 542; Stavrou v Abravos-Vernadakis, P.C., 109 AD2d 676 [1st Dept]; Morhaim v Morhaim, 81 AD2d 790, 791 [1st Dept]). This is simply to require a closer review of the activity in the case from the time that it was marked off the calendar. If the plaintiff has been diligent in making the case ready for trial throughout the period that it was off calendar, the presumption of abandonment will be overcome, and the court will issue an order putting into effect various clerical processes designed to make sure that the case is called for trial in its proper turn.

With this I do not think the majority would disagree. Yet, somehow, it concludes that this action should be deemed abandoned because, in opposing defendants' motion to dismiss, plaintiffs did not make an adequate showing of merit. But merit, presumably, is something plaintiffs had already shown in connection with their motion to restore made in August 1984 (22 NYCRR 660.4 [d] [5]), which motion was granted over opposition. In effect, the majority is requiring from plaintiffs a second showing of merit on a second motion to restore because a first motion to restore had not fully accomplished its purpose within a year.

The only question that was before the court on the instant motion to dismiss pursuant to CPLR 3404 was why it should have taken plaintiffs so long to implement the order of restoration by filing a new note of issue. The entire dispute herein arises out of the unfortunate circumstance that Special Term, in granting plaintiffs' motion to restore, did not limit plaintiffs' time to file a new note of issue and thereby implement its order. It was a gap in the court's order which was filled in by the denial of defendants' motion to dismiss. It was as if the court had resettled or clarified its order of restoration to provide that plaintiffs should have 11 months to file a new note of issue.

Did the court abuse its discretion in granting plaintiffs such a lengthy period of time to implement its order? Clearly not. Trial courts should have wide discretion in the implementation of their own orders, especially when such bear upon the

management of their own calendars. Here, apparently, Special Term concluded that plaintiffs were busy during this 11-month period obtaining updated medical reports without which the trial could not in any event have gone forward, and that there was never an intention to abandon the case after it had been marked off. The record is ample to sustain this conclusion. Apparently too, Special Term discerned no prejudice to defendants by reason of the note of issue having been filed in August 1985, and not by May 1985 as defendants say it should have been. Nor do I.

Plaintiffs' cross motion for an order "permitting the restoration to the trial calendar, nunc pro tunc, of the instant action" should have been denied as unnecessary and academic. The action was already on the calendar, a status achieved when the clerk accepted plaintiffs' note of issue on August 19, 1985. Had the clerk rejected plaintiffs' note of issue, then there would have been some purpose to plaintiffs moving for an order vacating an automatic dismissal by the clerk and restoring the action to the calendar *(see, Morhaim v Morhaim, supra)*.

Accordingly, defendants' motion to dismiss the action pursuant to CPLR 3404 should have been denied, and plaintiffs' cross motion to restore the action to the calendar should have been denied as academic.