■ ALINE JONES, Appellant, v MANHATTAN LEASING SYSTEMS, INC., et al., Respondents.—Order, Supreme Court, New York County (Martin Evans, J.), entered on or about September 17, 1991, which, *inter alia,* denied plaintiff's motion to vacate the clerk's dismissal of the action pursuant to CPLR 3404, and to restore the action to the trial calendar, unanimously affirmed, without costs.

While plaintiff's showing of case activity arguably was sufficient to rebut the presumption of abandonment that arises when a case is dismissed pursuant to CPLR 3404 *(see, Marco v Sachs,* 10 NY2d 542, 550; *Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, 721, *appeal dismissed* 69 NY2d 874), plaintiff's attorneys fail to explain the delay of approximately four years in moving to restore the case to the trial calendar after they received notice of its having been struck from the calendar, and the delay of fifteen months in so moving after they received notice of the dismissal pursuant to CPLR 3404. Plaintiff's attorneys also fail to rebut defendants' showing that two out of three eyewitnesses can no longer be located, and the prejudice caused thereby. Concur—Murphy, P. J., Carro, Rosenberger, Kupferman and Ross, JJ.