■ Todd Company, Appellant and Counterclaim Defendant-Appellant, v Jay Birnbaum, Respondent, Victoria Birnbaum, as Executrix of Saul Birnbaum, Deceased, Defendant and Crossclaim Defendant, et al., Defendants. Michael Fromer, Counterclaim Defendant-Appellant, et al., Counterclaim Defendant.—Order, Supreme Court, New York County (Martin Evans, J.), entered March 7, 1991, which granted the motion of defendant, counterclaimant and crossclaimant Jay Birnbaum to vacate the automatic dismissal of the action and restore it to the calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion is denied, and the action is dismissed in its entirety. The Clerk is directed to enter judgment dismissing the action in its entirety, with costs.

Plaintiff Todd Company commenced an interpleader action in 1982 to determine the ownership of certain funds deposited in plaintiff's bank account. Various defendants, including Jay Birnbaum (Jay), asserted counterclaims and crossclaims alleging conflicting ownership interests in the funds. On April 21, 1988, Jay filed a note of issue. On June 20, 1988, the action was stricken from the trial calendar on plaintiff's motion. Nothing was done to restore the case to the calendar within a year of that order, and as a result the case was automatically deemed abandoned and dismissed by operation of CPLR 3404. In November, 1990, 29 months after the case was stricken from the calendar, Jay moved to vacate the dismissal and restore the case to the calendar, over opposition of the counterclaim defendants Todd Company and Michael Fromer, and the crossclaim defendant (now deceased) Saul Birnbaum.

An action dismissed pursuant to CPLR 3404 may only be restored upon a showing of a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing parties, and a lack of intent to abandon the action (*Moye v City of New York,* 168 AD2d 342, *lv dismissed* 77 NY2d 940; *Mamet v Mamet,* 132 AD2d 479, *lv denied* 70 NY2d

611). All the above components must be satisfied in order for the dismissal to be properly vacated *(Ornstein v Kentucky Fried Chicken,* 121 AD2d 610).

The unexplained failure of Jay's several attorneys to have attended to this matter during the 29 months since the case was marked off the calendar does not constitute a reasonable excuse for the delay *(La Froscia Constr. Corp. v City of Yonkers,* 140 AD2d 496; *Hoenig v Stetefeldt,* 127 AD2d 632). Nor did Jay establish the merits of his claims by "submitting an affidavit, containing evidentiary facts, capable of being established at trial, by a person competent to attest to the meritorious nature of the action" *(Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, 722, *appeal dismissed* 69 NY2d 874). Finally, Jay's motion does not satisfy the "lack of prejudice to the opposing parties" test because during the 29-month period Saul Birnbaum, Jay's true adversary in the action and a principal witness to the facts (in 1981-1982) underlying Jay's claims, became fatally ill with cancer, and he is now deceased *(see, Gray v Sandoz Pharms.,* 158 AD2d 583, *lv dismissed* 75 NY2d 1005; *Tucker v Hotel Employees & Rest. Employees Union,* 134 AD2d 494).

Any of the three deficiencies in Jay's motion to vacate the automatic dismissal of the action and restore it to the calendar required denial of the motion. Accordingly, the order which granted the motion is reversed, and the action is dismissed in its entirety. Concur—Murphy, P. J., Carro, Wallach, Ross and Rubin, JJ.