■ IRMA ROSADO, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent and Third-Party Plaintiff-Respondent.

CITY OF NEW YORK, Third-Party Defendant-Respondent.—Order Supreme Court, New York County (Edward Lehner, J.), entered March 13, 1990, which denied the plaintiff's motion to vacate the dismissal of this action, reversed, without costs, on the law, the facts and in the exercise of discretion, the plaintiff's motion is granted on condition that counsel for the plaintiff personally pay to both the defendant and the third-party defendant the sum of $500 within 30 days after the date of entry of the order herein. In the event that counsel does not pay, the order is affirmed, without costs.

The plaintiff instituted this action to recover damages for personal injuries purportedly sustained when she fell over garbage and debris spilled at or about the sidewalk, street and roadway of a housing project. The plaintiff filed a note of issue and certificate of readiness in August of 1987. The defendant then impleaded the City of New York on January 19, 1988, with the City filing its answer on January 26, 1988.

On February 16, 1988, the action was stricken from the trial calendar after counsel for the plaintiff failed to appear. After the City failed to pursue discovery, counsel for the plaintiff, on July 11, 1988, sent a letter requesting the completion of discovery so that he could place the case on the calendar. When the City did not respond, he moved to restore the action to the calendar on November 18, 1988. The motion was denied when the plaintiff failed to appear in court. Counsel maintained that the failure to appear was due to "diary confusion." He further contended that by letter dated December 15, 1988, he again asked the City to conduct depositions, although the letter does not appear in the record.

The plaintiff's complaint was subsequently dismissed in April of 1989 for failure to restore the action to the calendar within one year. On June 17, 1989, the plaintiff moved to restore the action to the trial calendar but then withdrew the motion in August. On January 11, 1990, the plaintiff moved to vacate the dismissal of the action. The Supreme Court denied the motion.

We conclude that it was an improvident exercise of discretion to deny the plaintiff's motion to vacate the dismissal of this action. A case which has been marked off or stricken from the calendar and not restored within one year is deemed abandoned and will be dismissed for neglect to prosecute (CPLR 3404). However, the statute only creates a presumption of abandonment which is rebuttable by proof of litigation actually in progress (*Marco v Sachs,* 10 NY2d 542, *rearg denied* 11 NY2d 798; *Chin v Ying Ping Fung,* 126 AD2d 415;

*Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, *appeal dismissed* 69 NY2d 874). In order to prevail on a motion to restore a case to the calendar after the year has expired, a plaintiff must demonstrate a lack of intent to abandon the action, a meritorious cause of action, a reasonable excuse for the delay and lack of prejudice to the opposing party *(supra)*.

Counsel's letters of inquiry to his adversary concerning the progress of discovery and need to set a timetable for restoring the action, in addition to continued motion practice, demonstrate his interest in pursuing the litigation *(Beltrani v Mirabile,* 141 AD2d 688; *Stavrou v Abravos-Vernadakis, P. C.,* 109 AD2d 676). Moreover, we find that the plaintiff has sufficiently met the other requirements for vacating a dismissal. While counsel for the plaintiff should have been more diligent in his efforts on behalf of his client, a portion of the delay in this case was attributable to impleading the City and the need for additional discovery *(see, Roeder v Allstate Ins. Co.,* 115 AD2d 469; *Rizzo v City of New York,* 98 AD2d 688) while another portion was attributable to law office failure (CPLR 2005). The plaintiff's affidavit of merit contained evidentiary facts capable of being established at trial by a person competent to attest to the meritorious nature of the action and therefore, sufficiently demonstrated a substantial possibility of success in the action (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.05; *Curtin v Grand Union Co.,* 124 AD2d 918). The fact that there are challenges to that which is set forth in the affidavit, based on prior inconsistent statements, does not defeat the affidavit's facial sufficiency. Finally, we reject the defendant and the third-party defendant's claim of prejudice in light of the investigation of the complaint conducted by these parties.

Considering the lapse of time and the less than due diligence exercised by counsel for the plaintiff in moving this case to trial, however, we deem it appropriate to impose a sanction of $1,000, $500 payable each to the defendant and the third-party defendant, as a condition to restoring the action to the calendar *(Roeder v Allstate Ins. Co., supra; Rutger Fabrics Corp. v United States Laminating Corp.,* 111 AD2d 40; *Sygman v Pep Fashions,* 87 AD2d 787). Under the circumstances, dismissal of the plaintiff's action because of counsel's inaction would be unjustifiably harsh *(supra)*. Concur—Rosenberger, Ellerin and Kupferman, JJ.

Murphy, P. J., and Kassal, J., dissent in a memorandum by Murphy, P. J., as follows: The majority states, "The plaintiff's affidavit of merit contained evidentiary facts capable of being established at trial by a person competent to attest to the

meritorious nature of the action". No factual support is presented for this proposition and the record is devoid of any basis for that conclusion.

The affidavit of merit states that the "[d]eponent was caused to fall over garbage and debris covering the sidewalk and the street" and "[t]hat upon information and belief, this condition existed approximately 2 or 3 hours before my accident." Plaintiff has also submitted on this application, the transcript of the hearing held on May 14, 1985 pursuant to General Municipal Law § 50-h where the plaintiff testified (with an interpreter):

"Q Did you notice anything when you were looking down right before your fall took place?

"A No, because I didn't know that the hole was there * * *

"Q Was this hole still on the sidewalk?

"A On the street.

"Q The hole is in the street?

"A Yes, on the street.

"Q Is this a street that cars travel on?

"A Yes.

"Q When your right foot *[sic]* into this hole, where was your left foot?

"A I don't know * * *

"Q Was any part of your body on the sidewalk at the time of this occurrence?

"A No. All of it wound up on the street.

"Q I do not want to know where you wound up. At the time this happened, was any part of your body on the sidewalk?

"A No * * *

"Q You mentioned that the Housing Authority Office put certain garbage on the sidewalk area: is that correct?

"A Yes.

"Q Did you see any garbage on the sidewalk area right before your fall took place?

"A Yes. Before I slipped, with some small amount of garbage there.

"Q Was this before or after you were in the street.

"A Yes.

"Q Yes what?

"A Before I had my accident, I slipped on some garbage.

"Q Where was the garbage?

"A At the corner.

"Q Was it on the sidewalk or in the street?

"A On the sidewalk, where you were going to cross.

"Q Was this before you stepped into the street?

"A Before I fell. When I slipped and when I got up, when I got up to cross is when I fell.

"Q So you slipped on garbage on the sidewalk and then you got up; is that correct?

"A I got up.

"Q After you got up was when you walked into the street?

"A I crossed the street because it's very close.

"Q And then you fell again; is that right?

"A And that's when I fell, when I was going to cross with the hole.

"Q The hole in the street; right?

"A Yes.

"Q When you slipped on the garbage on the sidewalk, did you hurt yourself?

"A No, no."

There are no facts presented on this record that the Authority or the City was on notice of any dangerous condition, nor is it even pleaded that the injuries were caused by a hole in the street. The plaintiff has failed to set forth a meritorious cause of action against either defendant and for that reason alone, the motion was properly denied.

The plaintiff alleges that the injuries occurred on April 19, 1984; that the action was commenced in May 1985; that she was deposed in April of 1986 and that a Note of Issue and Certificate of Readiness was filed in August of 1987. On February 16, 1988, the case was stricken from the calendar for counsel's failure to appear. On December 9, 1988, a motion to restore the action to the calendar was denied because counsel again failed to appear. On April 6, 1989, the Clerk of the Supreme Court dismissed appellant's complaint pursuant to CPLR 3404 "for neglect to prosecute." On August 4, 1989, four months later, another motion was made to restore the matter to the calendar and the court directed that the motion be withdrawn without prejudice because the CPLR 3404 dismissal had to be vacated first. On January 11, 1990, nine months later, another motion was made to vacate the dismissal.

No reasonable excuse for these delays has been presented nor has plaintiff rebutted the presumption of abandonment.

Accordingly, the motion was properly denied absent a showing by plaintiff of a meritorious cause of action, a reasonable excuse for the delay, lack of prejudice to the opposing party, and lack of intent to abandon the action *(Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, 722, *appeal dismissed* 69 NY2d 874).