■ SYNDICATE BUILDING CORPORATION, Appellant, v FRED LORBER et al., Individually and Formerly Doing Business as BLITZ LORBER REPORTING Co., Respondents. [597 NYS2d 372] — Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered April 15, 1992, which denied the plaintiff's motion to restore the action to the trial calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, the dismissal of the action is vacated and the motion to restore is granted, without costs.

The plaintiff instituted this action to recover damages for breach of a commercial lease. After the defendants answered, the plaintiff moved for summary judgment against the defendant Lorber. The Supreme Court granted the motion and ordered an inquest to assess damages. After the inquest, the Supreme Court limited Lorber's liability. This Court then vacated the order and remitted the matter for a new trial, *inter alia,* on the issue of damages (128 AD2d 381). However, a second inquest was never conducted.

The plaintiff filed a Note of Issue in September of 1989. The action was then scheduled for trial on October 31, 1989. However, on that date, the action was marked off the

calendar by the court, *sua sponte,* after the plaintiff sought an adjournment on the ground that settlement negotiations were in progress. The court indicated that the matter could be restored by stipulation of the plaintiff and the defendant Blitz. The defendant Lorber failed to appear.

After settlement negotiations failed, counsel for the plaintiff, in August of 1990, wrote to Blitz' attorney requesting that he stipulate to restoring the case to the calendar. Receiving no response, counsel for the plaintiff then sought to file a new Note of Issue in February of 1991. However, the clerk of the court refused to file it since the matter could only be restored by motion.

In March of 1991, counsel for Blitz renewed negotiations with counsel for the plaintiff and offered to settle the case for $20,000. On June 27, 1991, counsel for the plaintiff informed defense counsel that his client would accept the offer. The plaintiff's subsequent attempts to conclude the settlement agreement, however, were unsuccessful, and, by letter dated November 29, 1991, informed defense counsel that it would proceed with the litigation.

The plaintiff moved to restore the action on February 27, 1992. The Supreme Court denied the motion on the ground that two and one-half years had passed since the matter was marked off the calendar.

It was an improvident exercise of discretion to deny the plaintiff's motion to restore the action to the trial calendar. While a case which has been marked off or stricken from the calendar and which has not been restored within one year is deemed abandoned under CPLR 3404, the presumption of abandonment may be rebutted by proof of litigation actually in progress *(Rosado v New York City Hous. Auth.,* 183 AD2d 640).

In order to restore an action dismissed pursuant to CPLR 3404, the moving party must demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the action *(supra; Todd Co. v Birnbaum,* 182 AD2d 505; *Perez v New York City Hous. Auth.,* 182 AD2d 416). We also note that a court may properly treat a motion to restore a case as one to vacate a dismissal *(McPhail v F & B Assocs.,* 160 AD2d 398).

The plaintiff's counsel's many attempts either to restore the action to the calendar or reach a settlement agreement with the defendant rebut the presumption of abandonment. His attempts at resolution of this matter, which were often frus-

trated by the conduct of the defendant and his attorney, provide a reasonable excuse for not moving to vacate the dismissal at an earlier date. We also find that the previous determination of liability in this matter, together with the affidavits and documents submitted by the plaintiff in support of the motion, sufficiently demonstrate a meritorious cause of action. Finally in light of the fact that the parties have already engaged in extensive discovery and that the defendant is partly responsible for the delay, we reject the defendant's claim of prejudice. Accordingly, the dismissal of the action is vacated and the motion to restore is granted. Concur—Milonas, J. P., Rosenberger, Ross and Kassal, JJ.