■ Rocco Fiumefreddo, Appellant, v Champion Trucks Rental, Inc., et al., Respondents, and Third-Party Plaintiffs. Sealand Terminal Corporation et al., Third-Party Defendants-Respondents. [598 NYS2d 485] —Order of the Supreme Court, New York County (Charles Ramos, J.), entered January 10, 1992 which, *inter alia,* denied plaintiff's cross motion to restore this action to the trial calendar, reversed, on the law, and the motion granted, without costs.

Plaintiff sustained injury on April 12, 1979 when he was struck by a tractor-trailer driven by defendant John C. Luiken and caught between the truck and an automobile. This action was commenced in March 1980, and issue was joined in May of that year. Plaintiff placed the matter on the trial calendar on August 31, 1982. One year later, defendants commenced a third-party action against Sealand Terminal Corporation and John C. Mandel Security Bureau, Inc. Defendants subsequently brought another third-party action against Standard Fruit and Steamship Company, and Supreme Court marked the case off calendar on March 12, 1984 "as an accommoda-

tion to the parties for the third-party action and in the face of non-appearance of the defendants/third-party plaintiffs, and was in no way whatsoever due to any default, laxness or unpreparedness for trial by the plaintiff."

Thereafter, the parties engaged in motion practice concerning the need for additional physical examinations and conducted discovery with respect to the third-party action. Plaintiff was examined in connection with the litigation in April 1986 and August 1988. Two of the insurance companies involved in the litigation went into receivership in 1986, one of which was declared bankrupt in early 1989, prompting plaintiff to file a claim with the New York State Insurance Department Liquidation Bureau in March of that year. Defendant Champion Trucks Rental was in liquidation in mid-1986, resulting in a stay of proceedings, and third-party defendant Sealand Terminal Corporation was involved in bankruptcy proceedings in 1990.

This Court agrees with the findings of Supreme Court that plaintiff has demonstrated the merit of his cause of action and a lack of prejudice to defendants *(see, Hillegass v Duffy,* 148 AD2d 677, 679). Given the reason for marking this case off calendar—which was not due to any action or inaction on plaintiff's part—and the delay attendant upon the liquidation of various parties defendant and insurance carriers involved in the defense, this Court is not prepared to conclude, on the record before us, that plaintiff has exhibited an intention to abandon this action *(supra,* at 680; *see also, Rosado v New York City Hous. Auth.,* 183 AD2d 640, 642). Concur—Milonas, J. P., Ellerin and Rubin, JJ.

Kassal, J., dissents in a memorandum as follows: I dissent and would affirm. Under CPLR 3404, a case which has been marked off the calendar and not restored within one year is presumed abandoned and will be dismissed for neglect to prosecute *(Rosado v New York City Hous. Auth.,* 183 AD2d 640, 641-642). The presumption, however, is rebuttable by proof demonstrating a lack of intent to abandon the action, such as litigation actually in progress, and if, in addition, the plaintiff can show a meritorious cause of action, a reasonable excuse for the delay and lack of prejudice to the opposing parties, the matter can be restored to the calendar *(supra)*. This personal injury action was marked off the calendar in March 1984, and no motion to restore was made until a third-party defendant moved in March 1990 to dismiss for failure to prosecute. While it is true that during the intervening years one party and the insurers for two others came under some

form of court-ordered protection due to bankruptcy or liquidation, the stays imposed with respect to each of the insurers were for only 180 days, and the bankruptcy stay with respect to the party did not preclude plaintiff from prosecuting the action against the other parties. Because plaintiff instead chose to remain inactive, it was not abuse of discretion for the IAS Court to deny his motion to restore.