■ MUTUAL FIRE, MARINE AND INLAND INSURANCE CO., as Subrogee of COMPLETE ATHLETE, INC., et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Third-Party Plaintiff-Respondent, v NATIONAL CLEANING CONTRACTORS, a Division of NATIONAL KINNEY CORP., Third-Party Defendant-Respondent. [608 NYS2d 81] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered April 28, 1992, which denied plaintiffs' motion to restore the action to the trial calendar, and order of the same court and Justice, entered November 27, 1992, which granted plaintiffs' motion for reargument and renewal, and adhered to its original determination, unanimously affirmed, without costs.

Plaintiffs failed to demonstrate a reasonable excuse for the delay in prosecuting this action and have thus failed to support their request to have the action restored to the trial calendar after it had been dismissed pursuant to CPLR 3404 *(see, Todd Co. v Birnbaum,* 182 AD2d 505, 505-506). Plaintiffs' excuses of "law office failure" and confusion concerning a prior order of liquidation and receivership of Mutual Fire, Marine and Inland Insurance Co. lack merit. Moreover, plaintiffs failed to take any action even after several notifications and occurrences should have indicated to them that some action on their part was necessary to prevent this case from

being removed from the calendar and dismissed. Concur— Sullivan, J. P., Carro, Rosenberger and Wallach, JJ.