■ SARHEDAN MUHAMMED et al., Appellants, v MANHATTAN PAYMENT CENTER, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [675 NYS2d 45] —Order, Supreme Court, New York County (Louis York, J.), entered September 7, 1996, which denied plaintiffs' motion to restore the action to the trial calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the matter restored to the trial calendar.

Plaintiff Sarhedan Muhammed slipped on the sidewalk in front of defendants' premises on December 23, 1988. She and her husband commenced this action for personal injuries on January 29, 1990. After plaintiffs served a Note of Issue on or about December 30, 1994, several of the defendants moved to strike the Note of Issue due to plaintiffs' failure to comply with certain court-ordered discovery. Plaintiffs' counsel submitted opposition papers, contending that plaintiffs had complied with all discovery requests. However, when plaintiffs' counsel failed to appear on the date scheduled for argument, the IAS Court struck plaintiffs' Note of Issue on March 8, 1995.

Plaintiffs' counsel moved for reargument and renewal in April 1995, asserting that he never received notice of the date of argument. The IAS Court denied the motion, with leave to renew, upon counsel's annexing a copy of the original motion papers, the court's March 8th order and any necessary documents relating to the issues involved. In February 1996, plaintiffs moved to restore their action to the trial calendar. In an April 29, 1996 order, the IAS Court denied the motion on the grounds that plaintiffs had failed to submit an affidavit of merit by an individual with personal knowledge of the facts, and because plaintiffs' counsel had again failed to appear.

On August 2, 1996, plaintiffs again moved to restore the action to the calendar. The supporting papers included an affidavit of merit from the plaintiff Sarhedan, and an affirmation from plaintiffs' counsel alleging that it was his understanding that the February 1996 motion to restore was being submitted rather than argued, and that the other requirements for restoration had been met. Although defendants did not oppose, the

IAS Court denied the motion due to plaintiffs' failure to comply with its previous instructions to attach the earlier motion papers. We reverse.

A case that has been marked off or stricken from the calendar and that has not been restored within one year is deemed abandoned under CPLR 3404 (*Syndicate Bldg. Corp. v Lorber*, 193 AD2d 506, 507). However, the action may be restored where the moving party demonstrates a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the action (*supra; Todd Co. v Birnbaum*, 182 AD2d 505). Each of these requirements was satisfied by plaintiffs' second motion to restore. Plaintiff Sarhedan's affidavit demonstrated the merits of the action, and the motions to reargue and restore rebut any inference of abandonment. Law office failure may constitute a reasonable excuse for the delay in restoring an action (*see, Rutgers Fabrics Corp. v United States Laminating Corp.*, 111 AD2d 40, 40-41; *cf., Rodriguez v Hercules Chem. Co.*, 228 AD2d 319), and we find counsel's excuses credible since although he did not appear on two occasions, he submitted papers on both motions. Lastly, plaintiffs have satisfactorily demonstrated that defendant will not be prejudiced by restoration. Concur—Rosenberger, J. P., Nardelli, Wallach, Rubin and Mazzarelli, JJ.