■ MARIE M. MORGANO, as Administrator of the Estate of MARIE BONELLI, Deceased, Respondent, v MAN-DELL FOOD STORES, INC., Defendant and Third-Party Plaintiff, et al., Defendants. GLOBAL GLASS CORP., Third-Party Defendant-Appellant. (And Another Action.) [686 NYS2d 867] —In an action to recover damages for personal injuries, etc., the third-party defendant Global Glass Corp. appeals from an order of the

Supreme Court, Queens County (Posner, J.), dated March 13, 1998, which (1) denied its motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute, and (2) granted the plaintiff's cross motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3404, and to restore the action to the trial calendar.

Ordered that the order is modified, by deleting the provision thereof granting the plaintiff's cross motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3404, and to restore the action to the trial calendar, and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order is affirmed, with costs payable to the appellant by the plaintiff, and the complaint is dismissed.

The instant action, commenced in or about March 1985, arose out of an incident which occurred on April 1, 1982, in which the plaintiff's decedent allegedly was struck by a piece of plywood which had become dislodged from a boarded-up store owned by the defendants. The defendant Man-Dell Food Stores, Inc., commenced a third-party action against the appellant Global Glass Corp. (hereinafter Global), alleging that it was negligent in boarding up the store.

Although the plaintiff's decedent served and filed a note of issue and certificate of readiness in or about October 1989, the case was marked off the calendar in March 1990. It was not restored to the trial calendar and, thus, was automatically dismissed one year thereafter (see, CPLR 3404). Yet, in January 1995, Global and the defendants served the plaintiff with 90-day notices pursuant to CPLR 3216. The plaintiff failed to take any action in response to these 90-day notices, and in September 1997, Global moved to dismiss the complaint pursuant to CPLR 3216, and the defendants joined in that motion. In response, the plaintiff cross-moved to restore the action to the trial calendar. The Supreme Court granted the plaintiff's cross motion and denied Global's motion.

Because the case was automatically dismissed pursuant to CPLR 3404, the plaintiff's cross motion to restore must be treated as a motion to vacate that automatic dismissal (see, *Hillegass v Duffy,* 148 AD2d 677, 679). "It is well settled that in order to vacate a dismissal pursuant to CPLR 3404, the plaintiff must establish the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the non-moving party if the case is restored to the calendar" (*Iazzetta v Vicenzi,* 243 AD2d 540). "The moving party must satisfy all four components of the test before the dismissal can be properly vacated" (*Fico v*

*Health Ins. Plan,* 248 AD2d 432, 433). Here, the plaintiff failed to establish the merits of the case by submitting admissible evidence of someone with firsthand knowledge of the facts (*see, Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, 722). She also failed to offer any excuse for the failure to timely restore the action to the trial calendar. Therefore, the plaintiff's cross motion should have been denied. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.