(November 16, 2000)

◼ MELVIN KATZ, Appellant, v ROBINSON SILVERMAN PEARCE ARONSOHN & BERMAN, L. L. P., Respondent. [717 NYS2d 13] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered April 27, 2000, which, in this action for legal malprac-

tice, *inter alia*, denied plaintiff's motion to restore his action to the trial calendar, unanimously affirmed, without costs.

This legal malpractice action, begun in January 1992, arises out of the 1984 assignment of a contract for the construction of a hotel in Tennessee to a limited partnership, of which plaintiff was one of the general partners. The complaint identifies plaintiff as a graduate of Brooklyn Law School and a former partner in a law practice. It describes defendant as the law firm that "advised Mr. Katz on all legal issues necessary to take advantage of business, tax and legal opportunities" in connection with his real estate business. The complaint alleges that defendant was negligent in drafting the assignment of a hotel construction contract by failing to insert an exculpation clause to protect the personal assets of the general partners.

In 1986, the contractor, Hardin International, Inc., claimed that it was owed approximately $2 million for changes made during the course of the construction project, obtaining a 1990 Tennessee judgment against the limited partnership and its general partners in excess of $3.5 million. The judgment was docketed in New York, and enforcement proceedings have been brought against plaintiff's assets.

On June 17, 1997, plaintiff filed a voluntary petition under chapter 11 of the Bankruptcy Code (11 USC). The Bankruptcy Court imposed a stay of proceedings in the instant action commencing July 9, 1997. In October 1997, Hardin brought an adversary proceeding before the Bankruptcy Court, claiming that the portion of plaintiff's debt represented by its Tennessee judgment was non-dischargeable. The record does not reflect the original grounds for the stay of the State court action, but it was extended by an order dated January 22, 1998, entered on consent of plaintiff and Hardin, which provided that the stay would terminate upon the earlier of (1) the conclusion of the adversary proceeding initiated by Hardin or (2) April 1, 1998.

Plaintiff's bankruptcy counsel delivered a letter to Supreme Court, enclosing a copy of the consent order imposing the stay. The letter notes that the parties were scheduled to appear on February 9, 1998 and requests "that the pre-trial conference be adjourned without date pending further action by the Bankruptcy Court." The Clerk's minutes for February 9 reflect that the matter was "marked off" by Supreme Court on that date.

The bankruptcy proceeding was not resolved until June 17, 1999, at which time plaintiff and Hardin stipulated that $700,000 of the $4.4 million (including interest) Tennessee judgment would be non-dischargeable; that plaintiff would

make scheduled cash payments to the contractor, Hardin International, totaling $150,000; that plaintiff would engage counsel and advance up to $50,000 in fees, assigning to Hardin any recovery in this action as security for the balance of the non-dischargeable debt; and that plaintiff would prosecute this action diligently, advise Hardin monthly of its progress and obtain Hardin's consent before entering into any settlement. Pursuant to the stipulation, the bankruptcy proceeding was dismissed by order dated August 30, 1999.

Meanwhile, on or about May 4, 1999, defendant served a demand to file a note of issue. In August, plaintiff, acting *pro se*, attempted to file the note of issue with the Clerk, who refused to accept it on the ground that the matter had been struck from the court's calendar. Plaintiff then brought the subject motion dated February 9, 2000 to restore the case to the trial calendar, and defendant cross-moved to dismiss the action as abandoned pursuant to CPLR 3404. Supreme Court held that plaintiff's delay in bringing his motion to restore until a year and ten months after the bankruptcy stay had been lifted and five months after learning that the case had been marked off the calendar, together with his failure to demonstrate the merit of his claim or a substantial likelihood of success on the merits did not support restoration pursuant to CPLR 3404.

On appeal, plaintiff assigns error to Supreme Court's decision on three grounds: that the case was marked off calendar in violation of Federal law; that it was marked off due to no fault of plaintiff and, therefore, must be restored without regard to the factors for restoring a matter deemed abandoned pursuant to CPLR 3404; and that, in any event, the criteria for restoration of the case to the calendar have been met.

Plaintiff attempts to avoid the necessity to demonstrate grounds for vacating a default (*Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, 722, *appeal dismissed* 69 NY2d 874). He first contends that, in taking this case off its trial calendar, Supreme Court violated the stay imposed by Bankruptcy Court and that its action must therefore be deemed a nullity. He argues that "[w]hile the stay in this case was entered pursuant to 11 USC § 105, it advanced precisely the same interest as a § 362 stay and, therefore, should be treated no differently." This argument is without merit.

In alluding to the automatic stay provided by 11 USC § 362, plaintiff implicitly recognizes that the equitable powers of the Bankruptcy Court pursuant to 11 USC § 105 "must and can only be exercised within the confines of the Bankruptcy Code"

(*Norwest Bank Worthington v Ahlers*, 485 US 197, 206; *Matter of Fesco Plastics Corp.*, 996 F2d 152, 154 [7th Cir 1993] ["Under this section, a court may exercise its equitable power only as a means to fulfill some specific Code provision."]). 11 USC § 362 (a) (1) precludes "the commencement or continuation * * * of a * * * proceeding * * * to recover a claim against the debtor." The claim in this action is prosecuted *by*, not *against*, the debtor, whose assets are not threatened. In the absence of any counterclaim asserted by defendant law firm against plaintiff, the automatic stay provision is inapposite (*McMillan v MBank Fort Worth*, 4 F3d 362, 366 [5th Cir 1993]).

Parties are afforded great latitude in charting their procedural course through the courts (*Stevenson v News Syndicate Co.*, 302 NY 81, 87; *see also, Mitchell v New York Hosp.*, 61 NY2d 208, 214; *Matter of Malloy*, 278 NY 429), by stipulation or otherwise. The record reflects that plaintiff actively solicited and obtained the assistance of Bankruptcy Court in staying the prosecution of his own action against defendant law firm. Having sought to adjourn a scheduled pretrial conference in furtherance of the stay, plaintiff will not be heard to complain that Supreme Court acceded to his request.

Plaintiff has failed to demonstrate how any provision or policy of the Bankruptcy Code has been offended because Supreme Court undertook to place this matter into an inactive status. Removal of the case from its trial calendar was a measure in assistance, not in contravention, of the Bankruptcy Court's order. Fault cannot be retrospectively assigned to Supreme Court's ministerial act merely because unanticipated adverse consequences have arisen as the result of plaintiff's inattention to this litigation. Furthermore, dismissal pursuant to CPLR 3404 does not take place until a year after the removal of a case from the calendar. It is undisputed that there was no stay in effect after April 1, 1998, and a dismissal deemed to have occurred on February 9, 1999 is therefore not precluded.

The second ground advanced by plaintiff to avoid the necessity to establish grounds to vacate the dismissal of this action is that he was without fault in causing the dismissal. This contention is disingenuous. The case was removed from the trial calendar as the direct consequence of plaintiff's consent application to further stay the prosecution of his own action (*cf., Evans v New York City Hous. Auth.*, 262 AD2d 123 [death of plaintiff requiring appointment of administratrix]; *Fiumefreddo v Champion Trucks Rental*, 194 AD2d 346, 347 [marking case off "was not due to any action or inaction on plaintiff's

part"]). Plaintiff has therefore failed to show why he should be relieved from making the requisite showing in support of restoration.

Dismissal pursuant to CPLR 3404 raises only a rebuttable presumption of abandonment. The presumption may be overcome by establishing a lack of intent to abandon the action and conformance with the criteria for vacating a default: a reasonable excuse for the delay, the merit of the complaint and the absence of prejudice to the opposing party (*Rodriguez v Middle Atl. Auto Leasing, supra,* at 722). Each criterion must be satisfied (*Todd Co. v Birnbaum,* 182 AD2d 505, 506).

The lack of intent to abandon the action may be established by evidence that the parties treated the case as pending (*Morhaim v Morhaim,* 81 AD2d 790, 791). Plaintiff does not dispute knowledge that the stay imposed by Bankruptcy Court expired on April 1, 1998. Plaintiff's sole action to advance this action was the attempt to file a note of issue on August 2, 1999, and that was necessitated by defendant's demand that he resume prosecution (CPLR 3216). Plaintiff concedes that he was duly informed by the Clerk that this matter had been removed from the trial calendar. Yet he procrastinated for some six months before moving to restore the case in February 2000.

Plaintiff's contention that his prosecution of this action was delayed by the need to raise funds to retain counsel is belied by the record. Pursuant to the stipulation of settlement with Hardin, plaintiff was required to engage counsel within 30 days after August 30, 1999, the date the bankruptcy proceeding was dismissed. There is nothing in the record to suggest that plaintiff was in default of the terms of this stipulation. Finally, plaintiff has offered no explanation of why, as an attorney, he could not have brought a timely motion to restore the action upon learning of its dismissal on August 2, 1999. Plaintiff has failed either to demonstrate that he did not intend to abandon the action or to provide a reasonable excuse for his failure to diligently pursue its prosecution.

In support of his motion to restore, plaintiff failed to submit a contemporaneous affidavit of merits by anyone with personal knowledge of the facts (*see, Rodriguez v Middle Atl. Auto Leasing, supra,* at 722; *see also, Morgano v Man-Dell Food Stores,* 259 AD2d 679, 681). His papers contain only stale affidavits, including one that he made in August 1992. The substance of this affidavit is that plaintiff placed his signature on the assignment of a contract to a limited partnership without reading it or even examining the document to see what it was. The

thrust of the legal malpractice complaint is that plaintiff, an attorney and sophisticated real estate developer, was unaware that he was exposing his personal assets to risk in the event of the partnership's default. In response to plaintiff's motion to restore, the affirmation of a partner in defendant law firm states that Hardin, the contractor, would never have assented to the assignment had the contract contained a personal exculpation clause. Nothing in plaintiff's affidavit or in the papers submitted in opposition to the cross motion takes issue with this assertion.

Apart from any defects in the affidavit of merits, the prejudice sustained by defendant as a result of the delay in this action is substantial. The dispute concerns the circumstances surrounding the assignment of a contract some 16 years ago, culminating in the judgment obtained by Hardin against plaintiff. The gravamen of the defense is that the term alleged to have been negligently omitted from the assignment is one that would have been flatly rejected by Hardin. However, in the interim, the relationship of Hardin to this litigation has changed substantially. Once a third party, Hardin is now an adversary, united in interest with plaintiff by virtue of the stipulation settling the bankruptcy proceeding. This realignment of parties is prejudicial to defendant and, in itself, a basis for denying restoration.

In conclusion, plaintiff has failed to establish any of the criteria required to vacate the dismissal of his action. Concur— Sullivan, P. J., Ellerin, Rubin and Andrias, JJ.