■ JAMAICA PUBLIC SERVICE CO., LTD., Appellant, v LA INTERAMERICANA COMPANIA DE SEGUROS GENERALES S.A. et al., Respondents, et al., Defendants. [740 NYS2d 319] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 29, 2001, which, in an action on a property insurance policy, inter alia, granted defendants' motions to compel the deposition of one of plaintiff's expert witnesses, and for sanctions, unanimously affirmed, with costs.

There is no merit to plaintiff's challenge to the court's order, orally rendered at a conference, directing depositions of experts, in view of the letter one of the defendants addressed to the court and circulated to all parties reiterating the court's directives given at the conference, plaintiff's responsive letter expressly consenting to such letter, and plaintiff's participation in the depositions of experts. Unless public policy is affronted, not the case here, parties are afforded great latitude in charting their own procedural course (see, Town of Orangetown v Magee, 88 NY2d 41, 54; Katz v Robinson Silverman Pearce Aronsohn & Berman, 277 AD2d 70, 73). Plaintiff's false original description of one of its paid expert witnesses as an independent fact witness who was not amenable to deposition in New York resulted in unnecessary travel expenses, an ineffective deposition, and motion practice to compel disclosure over plaintiff's unsupportable objection that this witness had been "fully deposed," and justified an award of sanctions measured by defendants' costs in preparing and attending the witness's earlier and future depositions (cf., Placede v City of New York, 210 AD2d 18). Concur—Tom, J.P., Buckley, Sullivan, Ellerin and Wallach, JJ.

■ In the Matter of LESTER N. SHAFRAN (Admitted as LESTER NOEL SHAFRAN), a Disbarred Attorney. [741 NYS2d 851] —Reinstatement denied. No opinion. Concur—Williams, P.J., Nardelli, Mazzarelli, Rosenberger and Wallach, JJ.