CARMINE MUSCARELLA, Respondent, v HERBERT CONSTRUCTION COMPANY, INC., Appellant. (And a Third-Party Action.) [767 NYS2d 609]—

Order, Supreme Court, New York County (Diane Lebedeff, J.), entered November 4, 2002, which granted plaintiff's motion to restore the action to the trial calender, unanimously affirmed, without costs.

Plaintiff construction worker was injured at a job site in 1994.

He commenced this action to recover for his injuries pursuant to Labor Law §§ 200 and 241. After note of issue had been filed, defendant moved for summary judgment. The motion was granted solely as to the section 241 claim. The parties thereafter stipulated to have the case marked off the trial calendar pending resolution of plaintiff's appeal from that part of the order from which he was aggrieved. The stipulation provided no specific time period for the case's restoration. This Court affirmed the appealed order on October 28, 1999 (265 AD2d 264 [1999]). However, it was not until almost three years later that plaintiff, whose attorneys had misplaced the file, recalled that the action had been marked off, and moved to restore. It was not an improvident exercise of discretion for the Supreme Court to grant this motion. To restore a case to the trial calendar more than a year after a CPLR 3404 dismissal, a plaintiff must show a meritorious claim; a reasonable excuse for the delay; that there was no intent to abandon the action; and that restoration would not be prejudicial to the defendant (*see Werner v Tiffany & Co.*, 291 AD2d 305 [2002]). That plaintiff's Labor Law § 200 claim survived defendant's summary judgment motion amply satisfies the first element. The stipulation and the law office failure satisfy the second and third elements. As to the final element, the record discloses no reason to conclude that defendant will be prejudiced by restoration, even after the delay subsequent to the determination of the appeal. While defendant complains that it is no longer an active corporation and that witnesses and documents cannot be found, the company dissolved in 1996, three years before defendant entered into the above-noted stipulation contemplating the possible restoration of the case after an indefinite period, and after all discovery had been completed except the independent medical examination. Concur—Buckley, P.J., Saxe, Ellerin, Marlow and Gonzalez, JJ.