■ MAGDALINE YOUNG ALLEYNE et al., Respondents, v PENSKE TRUCK LEASING CORPORATION et al., Appellants. [784 NYS2d 507]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 11, 2003, which granted plaintiffs' motion to restore the action to the trial calendar, unanimously affirmed, without costs.

It appears that November 13, 1996, on the eve of trial, the case was "marked off" the trial calendar at defendants' request

to abide an appeal they had taken from an order denying their motion to vacate the note of issue. The appeal was decided in plaintiffs' favor on January 30, 1997 (235 AD2d 372 [1997]), but for unexplained reasons plaintiffs did not then restore the case to the calendar. Plaintiffs did receive a notice from the court, dated February 5, 2001, advising that the note of issue had been stricken and directing counsel to appear for a conference to discuss, inter alia, the progress in moving the case forward to trial readiness. For unexplained reasons, the conference was marked adjourned without a date, which plaintiffs assert they understood to mean that the case had been restored to the calendar and was awaiting a trial date. Plaintiffs further assert that after making several settlement overtures, which were rebuffed, and not having received a trial date, they filed a second note of issue on December 16, 2002 in order "to trigger" a trial date. Defendants did not move to strike that note of issue, although on May 29, 2003, at a pretrial conference, they argued that the case had been inactive since 1996 and should be deemed abandoned. Plaintiffs were then directed to make a motion to restore the case to the trial calendar, which resulted in the order on appeal granting such relief. We affirm. While plaintiffs offer no excuse for their delay in restoring the case to the calendar after the decision on defendants' prior appeal, we also take into account the strong merit of this rear-end accident case, the lack of prejudice to defendants attributable to a delay that did not begin until the eve of trial, and the circumstance that the case was marked off the calendar as an accommodation to defendants (CPLR 2005; *see Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 355, 356 [1998]; *Fiumefreddo v Champion Trucks Rental*, 194 AD2d 346 [1993]). Concur—Mazzarelli, J.P., Williams, Friedman, Gonzalez and Catterson, JJ.