OPINION OF THE COURT
Per Curiam.
Order, entered December 12, 2007, reversed, without costs, tenant’s motion to dismiss is denied, and landlord’s cross motion to restore the proceeding to the trial calendar is granted.
The allegations of illegal subletting and improper business use underlying the landlord’s 2001 holdover petition have been hotly contested. On a prior appeal, this court reversed an order granting tenant summary judgment dismissal of the petition, upon our determination that the parties’ conflicting submissions raised triable issues on both prongs of the landlord’s eviction claim. Following entry of our order on July 27, 2005 the parties, via a two-attorney stipulation dated January 26, 2006, agreed to “mark[ ]off” the matter, in order for the case file to be retrieved from the court archives. The stipulation provided no specific time period for the case’s restoration. Landlord’s application to restore the proceeding to the trial calendar, although not made until October 2007, should have been granted. While landlord offered no valid excuse for its delay in restoring the case, we take into account the colorable merit of landlord’s possessory claim as evidenced by the petition’s survival of tenant’s earlier summary judgment motion (see Muscarella v Herbert Constr. Co., 2 AD3d 112, 113 [2003]), the lack of prejudice to tenant attributable to the eve-of-trial delay (see Alleyne v Penske Truck Leasing Corp., 12 AD3d 174, 175 [2004]), and the fact that the case was marked off the calendar through no fault of landlord (see Evans v New York City Hous. Auth., 262 AD2d 123, 124 [1999]). The mere passage of time following the resolution of the prior appeal in landlord’s favor and the parties’ stipulated mark off should not serve to deprive landlord of its day in court (see Alleyne v Penske Truck Leasing Corp., 12 AD3d 174 [2004], supra [restoration order sustained despite *26 more than six-year delay between disposition of prior appeal and restoral motion]; Muscarella v Herbert Constr. Co., 2 AD3d 112 [2003], supra [nearly three-year delay between disposition of earlier appeal and restoral motion]).
McKeon, EJ., Davis and Schoenfeld, JJ., concur.