■ John Van Hoven et al., Appellants, v Lenox Hill Hospital et al., Respondents. [603 NYS2d 833] —Order of the Supreme Court, New York County (Ira Gammerman, J.), entered November 5, 1992, which denied plaintiffs' motion seeking vacatur of the court's dismissal of the complaint, unanimously reversed, on the law, the facts, and in the exercise of discretion and the complaint is reinstated, on condition that the plaintiffs pay $500 costs to defendant's counsel.

This medical malpractice action was originally scheduled for trial on October 15, 1991. Plaintiffs moved for an adjournment due to the unavailability of their expert. In response to plaintiffs' request the IAS Court *sua sponte* dismissed the action and ruled that plaintiffs could move to vacate the dismissal within one year provided that the application was supported by an affidavit of merit by a physician. Plaintiffs

moved by Order to Show Cause signed on October 19, 1992 to vacate the default. That order was served on the defendants on that date and made returnable on October 28, 1992. Plaintiffs supported the application to restore the matter with the affidavit of a board certified orthopedic surgeon dated September 21, 1992. Plaintiffs maintain and it is not disputed, that the Order to Show Cause was submitted to the ex parte motion clerk on October 15, 1992.

We conclude, under the particular circumstances of this case, that it was an improvident exercise of discretion to deny the plaintiffs' motion to vacate the dismissal of the action. It has been said that "[d]espite the seemingly definitive language of CPLR 3404, dismissal for failure to restore an action within one year after it has been marked off the calendar is neither automatic nor self-executing" *(Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, 721, *appeal dismissed* 69 NY2d 874). Given the lapse of time from the date that plaintiffs' counsel obtained the supporting affidavit and the date of the application to vacate the dismissal, we deem it appropriate to impose a sanction of $500 payable to defendant's counsel *(see, Rosado v New York City Hous. Auth.,* 183 AD2d 640, 642). Concur—Rosenberger, J. P., Ross, Asch and Rubin, JJ.