■ MERRILL LYNCH, PIERCE, FENNER AND SMITH, INC., Respondent, v BORIS TINTER, Appellant. [603 NYS2d 157] —Order,

Supreme Court, New York County (Beverly Cohen, J.), entered January 14, 1993, which granted plaintiff's motion to restore this case to the trial calendar, unanimously affirmed, with costs.

The May 1990 "restoration" of the case to Justice Cohen's calendar did not involve a CPLR 3404 issue because the matter had never actually been "marked off" the trial calendar *(Denver v American Home Prods. Corp.,* 138 AD2d 670, 671).

Such an issue was raised when, following Justice Cohen's "marking off" of the case in either November 1990 or January 1991 to allow defendant to obtain new counsel, more than one year passed without a motion being made to restore. However, the court retained the discretion to vacate the resulting automatic dismissal and restore the case to the calendar upon a showing, *inter alia,* that there was never an intent to abandon the action *(Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, 721-722, *appeal dismissed* 69 NY2d 874). The record is clear that the delay in moving for restoration was caused by defendant's inaction in obtaining new counsel, and that plaintiff never intended to abandon the action. Defendant's claims that he would be prejudiced by restoration of the case were unsubstantiated, and no affidavit of merit was required from plaintiff since the case was never "marked off" as a result of a default on plaintiff's part *(Balducci v Jason,* 133 AD2d 436). Concur—Carro, J. P., Rosenberger, Kassal and Rubin, JJ.