■ Peter F. Bonoff, Individually and as Shareholder of General Linen Supply & Laundry Co., Inc., Appellant, v

WILLIAM B. TROY, Individually and as Executor of CARL E. TROY and Others, Deceased, et al., Respondents. [664 NYS2d 442] —Order, Supreme Court, New York County (Louise Gans, J.), entered July 30, 1996, denying, with leave to renew, plaintiff's motion pursuant to CPLR 3404 to restore this action to the trial calendar, and order of the same court and Justice entered on or about March 14, 1997, which, upon renewal, denied the same relief, unanimously reversed, on the law and the facts, without costs, and the motion granted.

Defendants do not dispute plaintiff's diligent prosecution of the action after retention of new counsel in 1993, including timely completion of document discovery thereafter, the filing and service of a note of issue and statement of readiness in 1994. When defendants moved for summary judgment, the motion court, anticipating a delay in issuing a decision, *sua sponte* marked the matter off of the calendar. When plaintiff moved for restoration within one year of the matter being marked off, the court required submission of an affidavit of merit and, upon renewal, found such to be inadequate.

Since a matter generally is marked off the calendar as a consequence of an omission or a default, the standard for restoring the action essentially is the same as that for setting aside a default judgment (*Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, *appeal dismissed* 69 NY2d 874), including submission of an affidavit of merit (*Balducci v Jason*, 133 AD2d 436; *see,* 22 NYCRR 202.21 [f]), and the motion must be made within one year of the adverse order (CPLR 3404). The point of the statute is to eliminate cases that have been abandoned by striking them from the calendar, and to require a showing of actual litigation to overcome the presumption of abandonment (*Rodriguez v Middle Atl. Auto Leasing, supra*). Application of the statutory remedy is accorded significant flexibility, though, and even when motions to restore were untimely, we have found denial of relief to be improvident (*cf., Van Hoven v Lenox Hill Hosp.*, 198 AD2d 97).

However, when the action was not marked off due to any default by plaintiff and, moreover, the motion to restore was not untimely (*Balducci v Jason, supra*), and where there was never an intent to abandon the action (*Merrill Lynch, Pierce, Fenner & Smith v Tinter,* 198 AD2d 113; *compare with Rodriguez v Middle Atl. Auto Leasing, supra),* we have made clear that no affidavit of merit is required. Since in this case there was neither a default nor an omission by plaintiff that precipitated the marking off, and an affidavit of merit was unnecessary, the court erred in denying the motion to restore. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Colabella, JJ.