■ JAMES MURRELL et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [689 NYS2d 67] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered December 31, 1997, which denied the motion of plaintiffs to restore the case to the trial calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

Once a case is dismissed pursuant to CPLR 3404, a party seeking to restore it to the trial calendar must demonstrate that the case has merit, that a reasonable excuse for the delay exists, that there was no intent to abandon and that there will be no prejudice to the non-moving party in the event the matter is restored (*Ware v Porter*, 227 AD2d 214).

Here, we find that plaintiffs have sufficiently met their burden to warrant restoration of the matter to the trial calendar. When viewed in conjunction with the verified complaint and the bill of particulars (*see, Nicholos v Cashelard Rest.*, 249 AD2d 187), the affidavit of merit adequately sets forth the existence of a cause of action against defendants. Moreover, the record before us clearly demonstrates that there was no intent to abandon the action where the case was marked off the calendar because of the death of plaintiff James Murrell and the necessity of appointing plaintiff Twilla Murrell as his executor, and where there was a genuine, if unsuccessful, motion to restore within the one-year period. Under these circumstances, plaintiffs' showing that the failure to bring their motion within the one-year period because an incorrect address was used for service of their papers upon opposing counsel is an adequate excuse for the delay, particularly where defendants can claim no prejudice from the 22-day delay in moving to restore (*see, Weiss v City of New York*, 247 AD2d 239). Concur—Ellerin, P. J., Rubin, Mazzarelli and Saxe, JJ.