■ REGINA EVANS, as Administratrix of the Estate of ERMA GROGAN, Deceased, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [692 NYS2d 54] —Order, Supreme Court, New York County (Edward Lehner, J.), entered April 17, 1998, denying plaintiff's motion to restore the action to the trial calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, and the motion granted. Appeal from order, same court and Justice, entered July 31, 1998, denying plaintiff's motion for renewal and reargument, unanimously dismissed, without costs or disbursements, as academic.

The IAS Court denied plaintiff's motion to restore the case to the calendar, made one year and twelve days after entry of the order substituting plaintiff as administratrix of the estate of Erma Grogan, the injured party in this personal injury action, who, allegedly, as a result of missing tiles, slipped and fell in an apartment owned and operated by defendant and who subsequently died of unrelated causes. The basis of the denial was plaintiff's failure to "set forth any excuse for the failure to restore the action to the calendar within a year after the appointment of an administrator." On October 2, 1996, when the IAS Court learned that Ms. Grogan had died, the action was removed from the trial calendar pending appointment and substitution of an administrator. Plaintiff moved diligently to obtain letters of administration, issued on October 22, 1996; on November 14, 1996, nearly six weeks after the case had been removed from the trial calendar, plaintiff moved to be substituted as administratrix and an order granting such relief was entered on December 17, 1996, ten weeks after removal. Unfortunately, plaintiff's counsel did not also move for restora-

tion, a pure oversight. On December 29, 1997, one year and twelve days, as noted, after the entry of the order of substitution, plaintiff moved to restore. The motion was denied by order entered April 17, 1998. We reverse.

As the record shows, this case was marked off the calendar through no fault of plaintiff, a critical distinction from a case removed from the calendar because of a plaintiff's omission or default. As a result, the usual prerequisites for restoration are not applicable. (*See, Bonoff v Troy*, 244 AD2d 260, 261.) In any event, plaintiff has shown merit and a lack of any intent to abandon the action, as evidenced by her prompt motion, after obtaining letters of administration, to be substituted as administratrix. In the circumstances presented, the presumption of abandonment contained in CPLR 3404 for failure to restore an action within one year is rebutted. (*See, Marco v Sachs*, 10 NY2d 542.) Furthermore, the excuse offered, oversight, is excusable as law office failure. (*See*, CPLR 2005.) Finally, the twelve-day delay was minimal and defendant has not even suggested any prejudice. Concur—Sullivan, J. P., Tom, Wallach, Lerner and Andrias, JJ.