■ TERRI BERINGER, Appellant, v B.C.P. MANAGEMENT CORP., Respondent, et al., Defendant. [720 NYS2d 784] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered November 24, 1999, which, *inter alia*, denied plaintiff's motion to restore this case to the trial calendar, granted defendant's motion to strike the note of issue, and *sua sponte* dismissed plaintiff's case as abandoned, unanimously reversed, on the

law, the facts, and in the exercise of discretion, without costs, defendant's motion denied, the matter restored to the trial calendar, and defendant directed to produce a witness with knowledge for deposition within 30 days of the date of this order. Appeal from order, same court and Justice, entered on or about January 10, 2000, which, *inter alia*, denied plaintiff's motion to reargue the prior order, unanimously dismissed as taken from a non-appealable order, without costs.

We disagree with the motion court's dismissal of this action as abandoned pursuant to CPLR 3404, which provides that a case that has been marked off the calendar and not restored within one year shall be deemed abandoned (*Ramputi v Timko Contr. Corp.*, 262 AD2d 26, 27; *Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 355). The statute, however, merely creates a presumption of abandonment, which is rebuttable by proof that litigation is actually in progress (*Ramputi v Timko Contr. Corp., supra*, at 27; *Esbri v Westchester Sq. Med. Ctr.*, 260 AD2d 217).

Here, there was clearly no intent to abandon the matter as the record provides abundant documentary evidence indicating that the parties were actively engaged in discovery, including discussions concerning the scheduling of depositions and medical examinations, during the period the case was marked off the calendar (*see, Katz v Robinson Silverman Pearce Aronsohn & Berman*, 277 AD2d 70; *Ramputi v Timko Contr. Corp., supra*, at 27; *Nicholos v Cashelard Rest.*, 249 AD2d 187). Moreover, plaintiff made a "genuine," albeit unsuccessful, motion to restore the matter to the trial calendar within the one-year statutory period (*Murrell v New York City Tr. Auth.*, 260 AD2d 307).

Indeed, this case was marked off the calendar after a conference before Justice Toker regarding outstanding discovery, the most serious omission of which was defendant's failure to produce a witness, with knowledge, for deposition, which failure continues to date. Since this matter was not marked off the calendar because of plaintiff's default, the usual prerequisites for restoration are not applicable (*Evans v New York City Hous. Auth.*, 262 AD2d 123, 124; *Bonoff v Troy*, 244 AD2d 260, 261). Plaintiff has, in any event, made a timely motion to restore this action to the trial calendar and has demonstrated a lack of intent to abandon the matter, a meritorious cause of action, and, further, there is no discernible prejudice to defendant. Concur—Nardelli, J. P., Williams, Tom, Wallach and Friedman, JJ.