(July 25, 2002)

■ MICHAEL FILLAS, an Infant, by His Father and Natural Guardian, NICHOLAS FILLAS, et al., Appellants, v HYON MUN CHO et al., Respondents. [745 NYS2d 427] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about March 30, 2001, which denied plaintiffs' motion to restore this action to the calendar, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court (Milton Tingling, J.), entered on or about September 26, 2001, which denied plaintiffs' motion to renew and reargue their previously denied motion to restore, unanimously dismissed, without costs, as no appeal lies from the denial of reargument and the appeal is otherwise academic in light of our reversal of the prior order.

The evidence demonstrates that plaintiffs' case was not marked off, struck from the calendar, or unanswered on a clerk's calendar call, but rather was marked "disposed," through no fault of plaintiffs, as a result of a clerk's error. Its dismissal was therefore a nullity, and the subsequent refusal to restore the action to the calendar was error (*see, Novaro v Jomar Real Estate Corp.*, 283 AD2d 352). Under the circumstances, the usual prerequisites for restoration were not applicable (*see, Beringer v B.C.P. Mgt. Corp.*, 280 AD2d 414, 415).

Contrary to defendants' claims, there is no evidence that the motion court made any favorable ruling with respect to their cross motions, in which they argued that plaintiffs' claims should be dismissed because they failed to commence their wrongful death action within two years, in accordance with the requirements of EPTL 5-4.1. Accordingly, the merits of those cross motions are not before this Court. Were we, however, to

consider the merits of those cross motions, we would find that the remedial provisions of CPLR 205 (a) would permit revival of plaintiffs' otherwise time-barred cause of action, since a prior timely action, however flawed, actually was "commenced" within the meaning of CPLR 304 (*see, Carrick v Central Gen. Hosp.*, 51 NY2d 242, 249). Concur—Williams, P.J., Tom, Saxe, Friedman and Marlow, JJ.